PHILIP BYRNE, appellant, *v.* JOHN McNULTY, appellee.

*Appeal from Jo Daviess.*

A. and B., being the proprietors of adjacent lots, executed an agreement under seal, by which A. agreed to build a division wall between the lots of certain specified materials and dimensions, and to complete the same during the spring or summer following. B. on his part agreed to pay to A., at a specified time, one half the expense of building the wall. A. sued B. upon the agreement in covenant, and averred in his declaration, that he had well and truly performed the covenants on his part, and had built and completed the wall according to the directions of the agreement, assigning as a breach the non-payment by B. of one half of the expense of erecting the wall. There was a demurrer to the declaration, which the Court overruled: *Held*, that the general averment of performance was sufficient, and that Court did not err in overruling the demurrer.

The general rule on the subject of averment by the plaintiff in the action of covenant, is as follows: Where the covenant is definite in its terms, and the act to be done by the plaintiff is purely a matter of fact, it is not only sufficient, but the most proper, to aver performance in general terms, without alleging particularly *how* he has performed. When the act to be done necessarily involves a question of law, the general allegation will not suffice, but the *quo modo* must be pointed out and averred. So, where the covenant is indefinite, or in the alternative, the general averment is not sufficient, but the *quo modo* must be shown.

COVENANT in the Jo Daviess Circuit Court, brought by the appellee against the appellant, and heard at the October term 1844, before the Hon. Thomas C. Browne, upon a demurrer to the declaration. The material averments of the declaration will be found in the Opinion of the Court. The demurrer was overruled, and the defendant electing to abide by his demurrer, a jury was called to inquire of damages, and a verdict for $307·93 was returned in favor of the plaintiff below.

The defendant then moved to set aside the inquest, which motion was overruled by the Court, when a motion in arrest of judgment was interposed and overruled, and judgment entered upon the verdict.

*T. Campbell, C. S. Hempstead & E. B. Washburne,* for the appellant.

It is not sufficient to aver that the plaintiff had kept and performed his covenants. *Davis* v. *Wiley*, 3 Scam. 234.

Where covenants are independent, performance need not be averred, but otherwise when they are dependent. Ib.

The performance of a condition precedent must be averred. It is not always sufficient to aver performance in the words of the contract. The intent of the contract must be shown to have been performed. Where it is necessary on the part of a plaintiff to aver performance, it must be set forth with such certainty as to enable the Court to judge whether the intent of the covenant has been fulfilled. *Thomas* v. *Van Ness*, 4 Wend. 549; 1 Chitty's Pl. 356.

In *Kingston* v. *Preston*, cited in *Jones* v. *Berkley*, Doug. 688, Lord Mansfield stated that there were three kinds of covenants. One kind is where there are conditions dependent, in which the performance of one depends upon the prior performance of the other. This case falls within this class of covenants. The conditions are dependent. Byrne was to pay for the wall on condition that McNulty should complete it by a time certain. Where the performance is a condition precedent, the performance must be averred in an action for the money. 1 Salk. 171.

An averment is always made in the declaration upon contracts containing dependent undertakings, and that averment must be sustained by proof. *Bank of Columbia* v. *Hagner*, 1 Peters, 455.

What could be the issue in this case? How could the declaration have been met by a plea? He could only plead that he did not perform the covenants, and that would only place the parties precisely where they were in the first place. The object of pleading is, that the parties may be brought to issue, and that the issue so produced be material, single, and certain. Stephen on Pl. 135.

An averment signifies a positive statement of facts, in opposition to argument or inference, and when the obligation on the part of the defendant to perform his contract depended on any event, which would not otherwise appear from the declaration to have occurred, it is obvious that the averment of such an event is essential to a logical statement of the

cause of action, and should precede the statement of the defendant's breach.   1 Chitty's Pl. 351.

An averment must be in words amounting to an express allegation.   1 Chitty's Pl. 355.

The declaration should have averred specially that he built the wall within the time, &c.

Time is the material part of the contract.   *Tyler* v. *Young*, 2 Scam. 448; *Capps* v. *Smith*, 3 do. 179; *Longworth* v. *Taylor*, 1 McLean, 349.

The averment must be as full as the proof.

The work might have been performed but not in time.

Every material and traversable fact must be stated.  *Frary* v. *Dakin*, 7 Johns. 75.

There is a precedent for a declaration in 2 Chitty's Pl. 552, with averment of plaintiff's performance of a condition precedent.   It is the case of a lessor against assignee of lessee for not repairing, where the plaintiff covenanted to keep in good repair and furnish timber.   The averments are special, that the plaintiff did not repair, &c.   A note at the bottom of the page says, that such an averment being traversable must correspond with the fact.

Where there are dependent covenants, a party cannot recover without averring and proving, either that he performed or was ready and willing to perform his part.   *Harrison* v. *Taylor*, 3 A. K. Marsh. 168; *Fanning* v. *Beauford*, 1 Bay, 237; *Finney* v. *Ashley*, Ib. 552.

*J. Butterfield*, for the appellee, as to the necessity of averments, &c., cited *Glover* v. *Tuck*, 24 Wend. 162.

A general averment is good, &c., 6 Com. Dig. 81; *Thomas* v. *Van Ness*, 4 Wend. 552–3.

The Opinion of the Court was delivered by

TREAT, J.*   In March, 1841, John McNulty and Philip Byrne, being the proprietors of adjoining lots in the city of Galena, executed an agreement under seal, by which

---

* WILSON, C. J., did not sit in this case.

McNulty agreed to build a division wall between the lots, of certain specified materials and dimensions, to be completed during that spring or the following summer; and Byrne, on his part, agreed to pay McNulty in March, 1843, one half of the expense of building the wall. In May, 1843, McNulty instituted an action of covenant against Byrne, on the aforementioned agreement, averring in his declaration, that he had well and truly performed the covenants on his part, and had built and completed the wall according to the directions of the agreement, and assigning as a breach, the non-payment by Byrne of one half of the cost of erecting the wall. There was a demurrer to the declaration, which the Court overruled. A jury thereupon assessed the plaintiff's damages at the sum of $307·93, and the Court rendered judgment on the assessment. Byrne prosecutes an appeal, and assigns for error, the decision of the Circuit Court overruling the demurrer to the declaration.

There can be no doubt that the building of the wall was a condition precedent to the payment of the money, and that McNulty could not maintain an action on the covenant without showing the performance of the condition. The question then arises, whether the general averment of performance is sufficient, or whether the mode and manner of the performance should be specifically alleged. The general rule on the subject of averment by the plaintiff, in the action of covenant, may be briefly stated and illustrated. Where the covenant is definite in its terms, and the act to be done by the plaintiff is purely a matter of fact, it is not only sufficient, but the most proper, to aver performance in general terms, without alleging particularly how he has performed. Thus, if the covenant be to pay money or deliver goods, an averment that the money has been paid, or that the goods have been delivered, or even in more general terms, that the plaintiff has kept and performed the covenants on his part, will be fully sufficient. The performance is merely a question of fact, to be ascertained by the jury from the testimony. But where the act to be done necessarily involves a question of law, the general allegation will not suffice, but the *quo modo* must

be pointed out and averred.   As, if the covenant be to give
an acquittance, or execute a conveyance, the acquittance or
the deed must be set out and brought before the Court, so
that its sufficiency and legal effect may be seen and deter-
mined.   This becomes a question of law, and not of fact, to
be decided by the Court, and not by the jury.   So, where
the covenant is indefinite, or in the alternative, the general
averment is not sufficient, but the *quo modo* must be shown.
These distinctions run through the books on pleading, and
have been repeatedly recognized by the Courts.   Com. Dig.
"*Pleader*," C. 60, 61; 1 Chitty's Pl. 357; Thomas v. *Van
Ness*, 4 Wend. 549; *Glover* v. *Tuck*, 24 do. 153.   The de-
cision in the case of *Davis* v. *Wiley*, 3 Scam. 234, does not
conflict with the rule before laid down.   In that case, the
averment on the part of Wiley was not certain and explicit
as to the manner and time of its performance.   The time
within which it was to be performed was subject to contin-
gencies, provided for in the agreement.   The plaintiff might
have kept and performed his covenant up to the bringing of
the suit, and still not be entitled to recover the price.   It was
proper, therefore, in that case, to require him to point out and
specify the mode and extent of the performance.   Testing
this case by the rule before stated, there is no difficulty in
correctly determining the question before us.   The covenant
on the part of McNulty was clear and definite.   The act to
be performed by him was purely a matter of fact.   Whether
he had erected the wall according to the terms of the agree-
ment, and within the time limited therein, were simple ques-
tions of fact to be determined by the jury from the testimony
introduced on the trial by the parties.   The declaration was
sufficient, and the demurrer was properly overruled.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*