### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

### FEBRUARY TERM, 1872, AT ST. JOSEPH.

———— ✦ ✦ ————

MARY T. POCKMAN *et al.*, Defendants in Error, *v.* ELI MEATT *et al.*, Plaintiffs in Error.

1. *Records — Courts — Correction of — Judgments and entries by — In what manner.*— The correction by a court of an erroneous judgment is not permissible, but the correction of an erroneous entry of a correct judgment is legitimate, even after the case has gone to another court.

2. *Partition — Sale — Fraud —Reversal of proceedings — Estoppel.*— Parties in interest in a partition suit, who receive their land at the partition sale, make no complaint of any unequal distribution, and permit the purchasers to make valuable improvements, and show no fraud or mistake in the proceedings, will be estopped from afterward taking advantage of an irregularity in the order of sale, and having them reversed and a new partition ordered. *A fortiori* would an outsider champertously purchasing, for purposes of speculation, the interest of a party to the original suit who was not disposed to litigate, be forbidden thus to annul the sale.

3. *Partition — Sale — Proceeds, receipt of — Affirmance.*— A partition sale is not like that by a sheriff *in invitum*, but by the voluntary act of the parties, and in general a receipt by them of the proceeds is such an affirmance of the proceedings as waives any right by them to ask for a reversal; although *semble*, that where fraud is shown, the rule is otherwise.

### *Error to Linn Circuit Court*

The proceedings in these cases grow out of a suit for partition of the lands belonging to the estate of John B. Pockman, deceased, in Linn county. The suit was commenced on the 5th day of August, 1866, by filing a petition for partition in the office of the clerk of the Circuit Court of said county. On the 6th day of August, 1867, a final judgment and decree of partition was made. In this final decree, as entered by the clerk, no finding of the interests of the parties in the lands was made. At the April term, 1868, of said Circuit Court, the sheriff made his report of the sale of said lands; and at the next succeeding term of the court, in December, 1869, the defendant Eli Meatt came into courv and moved to set aside the sale on the ground of a fraudulent combination among the purchasers and bidders at said sale, and because the judgment of partition was void.

On the hearing of the motion to set aside said sale, among others the following facts were developed: That the purchasers had paid the purchase-money in full for the respective lands bought by them, and had received deeds therefor, and had entered on the lands and made lasting and valuable improvements thereon; that the parties to the original suit had received the greater portion of the money arising from said sale; and that said Meatt, before the time of the filing of said motion to set aside said sale, had sold all his interest in this matter to one James C. Slater.

Two writs of error were then sued out in these matters, under one of which the clerk has certified up all the record in the case up to the time of the motion to set aside the sale; and under the other the clerk has certified up the whole record, including the proceedings had under the motion to set aside the sale. On the 5th day of June, 1871, and after the writs of error in these cases were sued out, the purchasers of the land at said sale filed their motion to correct the record, and to have the real judgment that was rendered by the court entered *nunc pro tunc*, and at the December term, 1871, the said motion was sustained.

*G. D. Burgess*, for plaintiffs in error.

The plaintiff in error is not estopped from setting the sale aside because of having received a part of the purchase-money, nor because some of the purchasers have made improvements upon the property. They were bound to know that they purchased under a valid judgment, and that the sheriff had authority to sell. (2 Sto. Eq. 1537, § 143; White v. Langdon, 30 Verm. 599; Davidson v. Young, 38 Ill. 152; Odlin v. Gore, 41 N. H. 465; Dixfield v. Newton, 41 Me. 221; Taylor v. Eli, 25 Conn. 250; Hill v. Eply, 31 Penn. St. 331; Taylor v. Zepp, 14 Mo. 482.)

The Circuit Court had no power or authority to correct the judgment in this cause after the term at which the judgment was made final, and more especially while the cause was pending in this court. The clerk of the Circuit Court had already entered up just such a judgment as the court had required him to enter up, and the Circuit Court had lost jurisdiction of the cause. (Smith v. Best, 42 Mo. 185; Stewart *et al.* v. Stringer *et al.*, 41 Mo. 400.)

The case of DeKalb County v. Hixon, 44 Mo. 341, is not in point. In that case the clerk had entirely failed and neglected to enter up the judgment ordered by the court, while in this case the clerk did enter up the judgment, but it is erroneous. Besides, there was no notice given to any of the original parties to the suit that such motion would be made as is required by the fifth rule of the Linn Circuit Court. (Brennan's Estate, 68 Penn.; Am. Law Reg. 1871, p. 535.)

The purchasers of the property at the sale in partition had no right to come into court and ask that the judgment be corrected or entered up *nunc pro tunc*. They purchased with full knowledge of all defects and irregularities in the record and proceedings in the cause in the court below.

*A. W. Mullins* and *G. W. Easley*, for defendants in error.

I. If the first entry of the judgment was void, the entry of the judgment *nunc pro tunc* shows what the real judgment was, and

cures all defects in the first entry. Under the facts disclosed in the case, the court below had full power to order the proper entry of the judgment to be made, and it was the duty of the court to do so even after the cases were removed to this court. (Gibson v. Chouteau's Heirs, 45 Mo. 171 ; DeKalb County v. Hixon, 44 Mo. 341 ; Chichester v. Cande, 2 Cow. 42, note *a.*)

II. Meatt having received a part of his share of the proceeds arising from the sale, cannot question the legality of the sale or judgment. (Stroble v. Smith, 8 Watts, Penn., 280 ; Penn v. Heisey, 19 Ill. 295 ; Hamilton v. Hamilton, 4 Penn. St. 193 ; Wilkins v. Anderson, 11 Penn. St. 399 ; 2 Sandf. Ch. 341 ; 21 U. S. Dig. 403, citing 24 Texas, 426.) It would be inequitable to allow the parties to treat this judgment and sale as legal for the purpose of receiving the proceeds arising therefrom, and, after having so received the proceeds, to treat the judgment and sale as invalid. If the judgment is void, as they claim, they lose nothing by it, because they are not divested of any title.

BLISS, Judge, delivered the opinion of the court.

As the order in partition stood when the original writ of error issued, it was erroneous, and it is not clear that the *nunc·pro tunc* order was properly made. Courts have a right, even after appeal, to correct obvious errors in the records, not by entering orders and judgments which should have been made, but rather those which were actually made but which the clerk neglected to enter.

The order in this case looks very much like the correction of an erroneous judgment rather than the correction of an erroneous entry of a correct judgment. The former will not be permitted, while the latter is legitimate, even after the case has gone into another court. (DeKalb County v. Hixon, 44 Mo. 341.) But the assignee of defendant Meatt is estopped from seeking to set aside the proceedings. He stands in Meatt's shoes, and even with less title to favor, for he is an outsider who has bought the interest of one disposed to litigate, and is seeking to disturb a matter in which he has no concern. This champertous proceeding certainly

entitled him to no special favor; but we will only consider the case as though the motion was actually that of Meatt, whose name is used.

The judgment before its correction was not void. It was simply erroneous, and the parties might, if they chose, abide by it and receive their distributive share of the money made by the sale of the lands, or they might insist that the proportion to which each one was entitled should be first ascertained by the court according to the statute. But to permit them first to receive their money, and then, without complaining of unequal distribution, or showing any fraud or mistake, and after the purchasers had paid for the land and made valuable improvements, to reverse the proceedings and have a new partition, would outrage every principle of justice and enable parties to judicial proceedings to perpetrate glaring frauds. It is seldom that the doctrine of estoppel is more properly invoked than in the case at bar. The land was sold fairly and honestly and the first payment made; the purchasers went into possession and have made permanent and valuable improvements; this payment was distributed, and Meatt received his share without complaint; the property appreciates in value, and some speculator being advised of the irregularities in the order of sale, advances Meatt the balance of his share of the purchase-money, or nearly so, and takes an assignment of his interest in the estate, and now in Meatt's name moves to set aside the proceedings for irregularity. Meatt himself should not be allowed to do this, least of all his assignee.

In proceedings in partition the sale is by the act of the parties themselves as well as by a judgment, and is not a sale *in invitum* like an ordinary sheriff's sale under execution. (Pentz v. Kuester, 41 Mo. 447.) It does not matter who are the petitioners; the parties are all before the court in a proceeding for the equal benefit of all, and may be all considered as petitioners or plaintiffs. Hence an acquiescence in the judgment, either by petitioners or respondents, by voluntarily receiving the proceeds, is such an affirmance as waives a right to ask for its reversal. It is indeed a voluntary satisfaction, and places it beyond the further control of the court. It is true a satisfaction

of a judgment by execution cannot ordinarily be pleaded in bar to a writ of error, and for the reason that such satisfaction is against the will of the party who sues out the writ. He may still, notwithstanding he has been compelled to pay the judgment, obtain its reversal if erroneous. But if a party obtains a judgment, with which he may be dissatisfied, and then voluntarily enforces it, he may not afterward seek to reverse such judgment to enable him to obtain a better one. (Cassell v. Fagin, 11 Mo. 208.) In Downing v. Still, Adm'r, 43 Mo. 309, the plaintiff was permitted to set aside because of fraud in a judgment and execution in his favor, notwithstanding the property had been sold. The proceedings were had in his name but not by his procurance, and he had done nothing to ratify them.

The judgment will be affirmed. Judge Wagner concurs. Judge Adams absent.