————o————

STATE OF MISSOURI, to use of GREEN F. RUBY, Respondent, *vs.* FELIX LAIES, *et al.*, Appellants.

1. *Estoppel—Declarations of owner.*—A. did blacksmithing for B. and procured a judgment against B. for the same, part of which was for shoeing a horse, which B.'s son brought to his shop to be shod, telling A. that the horse belonged to his father. The constable under this judgment levied on this horse. The son sued the constable on his bond for levying on the horse, claiming it as his own. *Held*, that the son was not estopped from denying his former assertion.

*Appeal from St. Louis Circuit Court.*

*T. J. Cornelius*, for Appellants.

Green F. Ruby having induced Mueller to part with his lien on the mare for work and materials furnished in shoeing her, by his own declarations that the mare was the property of Thomas P. Ruby, was estopped from setting up his claim to the mare as against said Mueller or the constable who levied on the mare under executions for such work and materials, in favor of said Mueller, and against said Thomas P. Ruby. (Dezell vs. Odell, 3 Hill, 219; Newman vs. Hook, 37 Mo., 207; Rice vs. Bruce, Admr., 49 Mo., 312; Taylor vs. Zepp, 14 Mo., 482.)

*Saml. N. Holliday*, for Respondent.

This is not a case of estoppel. (McDermott vs. Barnum, 19 Mo., 204; Newman vs. Hook, 37 Mo., 207.)

Adams, Judge, delivered the opinion of the court.

This was an action on the official bond of the defendant Laies, as constable, for levying two executions in favor of Daniel Mueller, against Thomas P. Ruby on a bay mare belonging to Green F. Ruby, for whose use this suit was brought.

The only material issue presented by the pleadings was whether the mare in dispute belonged to Thomas P. Ruby or to Green F. Ruby. Upon the trial each party gave evidence conducing to prove the issues on his part. Among other evidence given by the defendants was a declaration made by Green F. Ruby to the effect that the mare belonged to Thomas P. Ruby.

Green F. Ruby was a son of Thomas P. Ruby, and lived with him in 1867, and prior to that time and subsequently. In 1867 the proof shows that the father, Thomas P. Ruby, gave this mare to his son. The evidence also shows, that Daniel Mueller, the plaintiff in the executions, was a blacksmith, and that he had worked for Thomas P. Ruby in shoeing his horses, &c., and kept an account against him for his work; that whilst this account was running, Green F. Ruby took this mare to Mueller to be shod, and after she was shod he told Mueller that the mare belonged to his father, Thomas P. Ruby, and to charge the shoeing to his account, which Mueller did, and this item formed one of the items in the account, constituting the judgment upon which one of the executions issued which was levied upon the mare. This is about the substance of the testimony.

After the close of the testimony the defendant asked this instruction, which was refused by the court.

"If the jury find that Green F. Ruby caused credit to be given to Thomas P. Ruby for work and materials furnished on the bay mare, by asserting said mare to be the property of said Thomas P. Ruby, then he is estopped as against said creditor, or the officer levying said execution in said creditor's favor, from setting up his title (if any), and the jury shall find for the defendants."

The refusal of this instruction is the main point relied on by the appellants for reversal of this judgment.

It is contended that the facts of this case create an estoppel and this instruction is based upon that idea.

But when we examine the proof, we find none of the essential elements of an estoppel. There was no credit given to Thomas P. Ruby on the mare in question. Nothing of the kind was asked by Mueller. Green F. Ruby simply told him that the mare belonged to Thomas P. Ruby, and to charge the shoeing to him, which he did. The declaration of Green F. Ruby turns out to be false, but what did Mueller lose or gain by the falsehood. If Green F. Ruby had told Mueller he might take a trust deed on the mare from Thomas P. Ruby, to secure his debt, and he had done so, this would have created an estoppel, and no proof to the contrary would have been allowed. Or if Green F. Ruby's right of recovery depended upon whether his father had been properly charged with the shoeing of the mare, he would be estopped from disputing it, because it had been made at his request, and this request had been acted on.

The declarations of Green F. Ruby to the effect, that the mare belonged to his father, was not so acted on as to create an estoppel, and to prevent him from proving his own ownership of the mare.

Mueller did not part with any lien or interest that he had in the mare, which he is prevented from asserting. He does not pretend to have any such lien, or interest growing out of the declaration in question.

There seems to be no light in which the facts of this case can be viewed so as to warrant the refused instruction.

The judgment in my opinion, is for the right party. Let it be affirmed. Judge Sherwood absent. The other Judges concur.