Cochran v. Thomas.

COCHRAN et al., *Appellants*, v. THOMAS et al.

Division One, November 26, 1895.

1. **Practice**: SPECIAL FINDING: STATUTE. *Under Revised Statutes, 1889, section 2135, providing that if either party request it the court shall state in writing the conclusion of facts found separately from the conclusions of law, the trial court is required to find and state in writing not only every constitutive fact in issue to which its attention is directed but also separately the conclusions of law thereon so that exceptions may be taken thereto.*

2. ——: ——: ——. *Where neither party makes a request for a special finding a general finding for one party is equivalent to a declaration of law that upon all the facts found such party is entitled to recover and is sufficient to support the judgment.*

3. **Partition**: STATUTE: MARRIED WOMEN: PARTIES. *Under General Statutes, 1865, chapter 152, regulating the subject of partition, the husbands of married women need not be made parties.*

4. ——: ——: ——: ——. *Under General Statutes, 1865, chapter 161, section 8, married women may sue and defend in partition suits by next friend.*

5. **Curtesy Initiate**: ESTATE IN REMAINDER. *A tenancy by curtesy initiate is not an incident to a wife's estate in remainder after a life estate.*

6. **Practice**: PARTITION. The failure to sign a petition for partition by the parties or their attorneys, as required by the statute, can not be regarded as a matter of substance and, therefore, does not render the judgment void.

7. ———: ———: INFANT. The failure to appoint a guardian *ad litem* to represent an infant plaintiff in a partition suit does not render the judgment void.

8. ———: ———: RATIFICATION. Judgments in partition suits may be ratified by the acts of the parties whose rights have been adjudicated.

9. ———: ———: JUDGMENT: COLLATERAL ATTACK. A judgment can not be collaterally assailed by a party on the ground that the appearance of an attorney for him was unauthorized.

10. ———: ———: ———: ———. A party to a partition suit can not assail the judgment collaterally on the ground that others interested in the premises were not made parties.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*L. A. Laughlin* for appellants.

(1) The conclusion of law in the judgment was erroneous because of its generality. Elliott's Gen. Proc., sec. 969; *Shipp v. Snyder*, 121 Mo. 155. (2) The court erred in refusing to find as a material fact whether the appearance of the plaintiffs in this suit by attorneys in the partition suit was authorized. *First.* If the special finding did not cover all the issues in the case, or all the material facts involved in any of the issues, the remedy is by a motion for a new trial. *Graham v. State*, 66 Ind. 386; *Wilson v. Hamilton*, 75 Ind. 71; *Railroad v. Hart*, 119 Ind. 273; *Railroad v. Buck*, 116 Ind. 566; *Bank v. Bolen*, 121 Ind. 301. *Second.* Under our code, where an equitable defense may be interposed to a legal action in an action on a judgment of a sister state, the fraudulent appearance of the

attorney may be shown as a defense. *Marx v. Fore,* 51 Mo. 69; *Eager v. Stover,* 59 Mo. 87; *Napton v. Leaton,* 71 Mo. 358. *Third.* And the same is true of a domestic judgment where an action is brought to enforce it. *Ward v. Quinlivin,* 57 Mo. 425; *Napton v. Leaton,* 71 Mo. 358; *Verplanck v. VanBuren,* 76 N. Y. 247; *Keeler v. Keeler,* 102 N. Y. 30; Freeman on Judgments [4 Ed.], sec. 576; Pomeroy's Equity Juris., sec. 85. (3) George Lester Cochran being a minor at the time of the partition proceedings could not appear by attorney, and hence the proceedings are void as to him, at his election. The law in force at the time of the partition is found in sections 47, 50, chapter 152, General Statutes, 1865, which are almost the same as sections 7139, 7141 of Revised Statutes, 1889. *Colvin v. Hauenstein,* 110 Mo. 575; *Le Bourgeoise v. McNamara,* 82 Mo. 189. Infants can not appear by attorney in partition proceedings, and the judgment is voidable by the infant. (4) Anna Cochran Cummings and Medora Turner were married women at the time of the partition proceedings, and their husbands should have been joined with them. As they appeared by a next friend, the judgment is void as to them. (5) The judgment in the partition proceedings is void as to all plaintiffs in this action for the reason that all parties interested in the land were not made parties to the partition suit. Until all the parties interested in the land are before the court, partition can not be made. *Hiles v. Rule,* 121 Mo. 248; *Estes v. Nell,* 108 Mo. 172; *Dameron v. Jameson,* 71 Mo. 97; Freeman on Cotenancy and Partition [2 Ed.]. (6) The appearance of James Cochran and Chas. A. Cochran as defendants in the partition suit by Wm. Douglass, one of the attorneys for the plaintiffs, gave the court no jurisdiction over the person of Chas. A. Cochran. An attorney can not represent both sides in a case, even though the proceedings be

amicable. *Sherwood v. Railroad*, 15 Barb. 650; *Valentine v. Stewart*, 15 Cal. 387; *Herrick v. Catley*, 1 Daly, 512; Weeks on Attorneys [2 Ed.], secs. 120, 120a, 271. (7) The omission of the signature of Anna C. Cummings and Medora Turner or of any attorney for them to the answer in the partition suit gave the court no jurisdiction over them in said suit. A pleading must be signed by an attorney or it is a nullity. R. S. 1889, sec. 2064; *Oxley Stave Co. v. Whitson*, 34 Mo. App. 624; *Shields v. Quick*, 8 M. & W. 289; Tidd's Practice, 671; *Schiller v. Maltbie*, 11 Civ. Proc. 304. (8) No claim of title by virtue of the tax deed can be made by the defendants because the purchase of the tax title inured to the benefit of the heirs of Harriet Cochran. The possession of a life tenant can not be adverse to the remainder-man, and the life tenant can not make it so by his acts and declarations. *Sutton v. Casseleggi*, 77 Mo. 397; *Keith v. Keith*, 80 Mo. 125; *Salmons v. Davis*, 29 Mo. 176. (9) The alienation of his life estate by James Cochran, or his failure to set it up in the partition proceedings, did not extinguish it. *Beaume v. Chambers*, 22 Mo. 36; *Miller v. Bledsoe*, 61 Mo. 96; *Bradley v. Railroad*, 91 Mo. 493.

*Jefferson Brumback* for respondents.

(1) The partition was an amicable one in equity on appearance of all the parties and was ratified by all parties to it. Gen. Stat. 1865, p. 654, sec. 1 (2 Wag. Stat. p. 1006, sec. 1); 2 Wag. Stat. p. 967, secs. 6, 8 and 10, p. 968, secs. 11 and 12, p. 1008, sec. 13, p. 1009, sec. 18; *Benoist v. Thomas*, 121 Mo. 660; *Holloway v. Holloway*, 97 Mo. 639; *Dameron v. Jameson*, 71 Mo. 97–100; *Green v. Walker*, 99 Mo. 73; 2 Wag. Stat. p. 887, sec. 4; *Davenport v. City of Hannibal*, 120 Mo. 151; *Von Schrader v. Taylor*, 7 Mo. App. 361;

*Payne v. Masek*, 114 Mo. 631; *Bank v. Garlinghouse*,
53 Barb. 615; *Travis v. Willis*, 55 Miss. 557; *Nichol-
son v. Cox*, 83 N. C. 44. (2) Partition good as to
George Lester Cochran. *Fulbright v. Cannefox*, 30
Mo. 425, 429; Laws, 1867, p. 134; *Brandon v. Carter*,
119 Mo. 572, 583; *Holton v. Towner*, 81 Mo. 360–367;
1 Wag. Stat. p. 672, sec. 2, p. 673, sec. 10; Beach,
Modern Eq. Pr. [1 Ed.], p. 55, sec. 44, p. 57, sec.
45; *Hilliard v. Carr*, 6 Ala. 557. (3) Partition good
as to Charles A. Cochran. Weeks on Attorneys
[2 Ed.], sec. 120*a*; *Cargile v. Regan*, 65 Ala. 287;
*McDonald v. Wagner*, 5 Mo. App. 56. (4) Partition good
as to wives of appellants Cummings and Turner, the lat-
ter having no interest in the lands. *Gallagher v. Del-
argy*, 57 Mo. 29; *Fairchild v. Creswell*, 109 Mo. 29;
*Sutton v. Porter*, 119 Mo. 100; *St. Louis v. Lanigan*,
97 Mo. 175; *Huffer v. Riley*, 47 Mo. App. 479; *Phelps
v. Walther*, 78 Mo. 320; 2 Wag. Stat. p. 1001, sec. 8;
Gen. Stat. 1865, chap. 161, sec. 8. (5) Partition
answer good as to married women though not signed
at the end. 2 Wag. Stat. p. 1018, sec. 27; Browne
on Stat. of Frauds [4 Ed.], p. 442, sec. 357; 2 Wag.
Stat. p. 1036, sec. 19, p. 1034, sec. 6; *Harden v. Lee*,
51 Mo. 244; *Rosenheim v. Hartsock*, 90 Mo. 365; *Phil-
lips v. Malone*, 1 Minor (Ala.), 110; *Boren v. Billing-
ton*, 82 Tex. 137; *Voorheis v. Giting*, 22 S. W. Rep.
80; *Ramo v. Wilson*, 24 Vt. 517; 1 R. S. 1889, sec.
3231; *Fontaine v. Hudson*, 93 Mo. 69; *Oxley Stave Co.
v. Whitson*, 34 Mo. App. 624–628; *Shield v. Quick*, 8
M. & W. 289; McQuillin's Pl. and Pr. [1 Ed.] p. 255,
sec. 267; *Ruch v. Jones*, 33 Mo. 393; *Burnett v. McClu-
ey*, 92 Mo. 230; *Castleman v. Relfe*, 50 Mo. 583.
(6) Appellants could not overturn partition in equity
on account of laches and land being held by *bona fide*
purchasers for value and partition being ratified by all
parties and no defense to suit being shown. *Green v.*

*Walker*, 99 Mo. 73; *Lingo v. Burford*, 112 Mo. 149; *Leonard v. Sparks*, 117 Mo. 103; *Burke v. City of Kansas*, 118 Mo. 309; *Zeibold v. Foster*, 118 Mo. 349; *Hamer v. Cook*, 118 Mo. 476; *Charley v. Kelley*, 120 Mo. 134; *Macey v. Stark*, 116 Mo. 481; 2 Wag. Stat. p. 1034, sec. 6, p. 1035, sec. 7, p. 1037, secs. 20 and 23; *Burnett v. McCluey*, 92 Mo. 230; *Avery v. Good*, 114 Mo. 290; *Hart v. Steedman*, 98 Mo. 456; *Lillibridge v. Ross*, 59 Mo. 217.   (7) Tax deed good. Laws, 1858, 1859 (Local Stat.), p. 207, sec. 2, p. 219, secs. 25, 27, 28, 29, p. 217, sec. 8, p. 218, sec. 16; Laws, 1857, p. 99, sec. 34; Laws, 1859–1860, p. 387, sec. 10, p. 388, sec. 21; *Hopkins v. Scott*, 86 Mo. 140. (8) The title of respondents good under statute of limitations.   *Watt v. Donnell*, 80 Mo. 198; *Cunningham v. Snow*, 82 Mo. 592; *Ridgway v. Holliday*, 59 Mo. 444; *Fairbanks v. Long*, 91 Mo. 631; *Barry v. Otto*, 56 Mo. 179; *Baker v. Oakwood*, 123 N. Y. 16; *Cummings v. Powell*, 97 Mo. 524; *Matison v. Ausmuss*, 50 Mo. 551; *Mather v. Walsh*, 107 Mo. 151; *Pentz v. Kuester*, 41 Mo. 450; *Miller v. Hardin*, 64 Mo. 546; *Smith v. Lindsey*, 89 Mo. 80.

*C. O. Tichenor*, also, for respondents.

MACFARLANE, J.—This suit is ejectment prosecuted by Charles A. Cochran, George Lester Cochran, A. L. Cummings and W. J. Turner as plaintiffs, the last two being the husbands respectively of Medora (Cochran) Turner and Anna (Cochran) Cummings in whose right they claim.   Plaintiffs claim title as heirs at law of Harriet Cochran, deceased.   Defendant Thomas is the tenant of his codefendants who claim title under a sheriff's deed in a certain partition proceeding in which they claim to have acquired the title of plaintiffs.   They also claim under a tax deed and the statutes of limitation.

The petition is in the usual form, except that it avers the prior ownership of Margaret Cummings, her death and the inheritance of the land by plaintiffs as her heirs at law. The answer is in substance a general denial and a plea of the statutes of limitation.

The cause was tried to the court without a jury, "and at the request of defendants the court in its findings stated in writing the conclusions of fact found separate from its conclusions of law."

The substance of the finding of facts was that James Cochran was first married to Hannah Moore in 1819 by whom he had four children some of whom are still living. His first wife having died he married Harriet Ritchie, November 13, 1829. By this marriage Anna was born May, 1836, and married plaintiff, A. L. Cummings, October 11, 1858; plaintiff, Charles A., was born October 4, 1839; Medora was born November 19, 1842, and was married to plaintiff Turner, April 25, 1865, and plaintiff George L., was born March 7, 1855. Of this marriage was also born, August 27, 1846, Harriet, who died single and intestate, without issue, December, 1890; and Albert, born August, 1850, and who died single, intestate and without issue in September, 1866.

In February, 1831, the United States, by patent, conveyed to Gabriel Predom the southwest quarter of section 32, township 50, range 33, west. The lot sued for is part of this quarter section. The land claimed in this suit is a part of lot 184, in Kansas City.

On February 14, 1859, John Campbell, by sufficient deed, for the expressed consideration of $1,600, conveyed to the said Harriet Cochran, the mother of plaintiffs, the whole of said lot 184, which deed was duly recorded in May, 1861. This lot fronted sixty feet on Wyandotte street in Kansas City, and has been within the limits of the city since the date of the deed.

The said Harriet Cochran died intestate August 25, 1861, her husband, the said James Cochran, and plaintiffs, Charles A. and George L. Cochran, and the said wives of plaintiffs, Turner and Cummings, surviving her.

On March 14, 1867, a suit for the partition of said lot was commenced in the circuit court of Jackson county. The heirs of one Benjamin V. Glime, with the said Harriet Cochran and plaintiff George L. Cochran, were named as plaintiffs, and the said Anna (Cochran) Cummings, Charles A. Cochran, Medora (Cochran) Turner, and James Cochran, were named as defendants. Three of the plaintiffs sued by W. H. Phelps as their next friend. His name was written by himself in the caption as next friend, but the petition was not signed by him. The petition was signed by Douglass & Gage as attorneys for plaintiffs, and was sworn to by William Douglass as agent for plaintiffs.

The answer was filed on the same day, March 14, 1867; was signed Charles A. Cochran, James Cochran, by Wm. Douglass, their attorney, and was as follows:

"Said Anna Cochran Cummings, by F. A. Mitchell, her next friend; Medora Turner, by F. A. Mitchell, her next friend; Charles A. Cochran and James Cochran, answer and admit that all the allegations in the petition of plaintiffs are true, and they ask and consent that partition of the premises be made according to the prayer of the petition, and that a final decree herein be rendered at this present term of this court, and for all such orders and judgments as may be necessary."

The name, F. A. Mitchell, where it occurs in the answer, was written by himself, he at the time being an attorney at law practicing at Kansas City.

The petition charged that Harriet Cochran and Benjamin V. Glime purchased the lot of John Campbell with the intention of holding the same as tenants

in common, each paying $800 of the purchase price, and that the conveyance to Harriet Cochran of the entire interest was through a mistake. It then stated the rights and interests of the parties as heirs of the said Glime and the said Harriet Cochran, and prayed partition and sale of the lot.

On the same day, the court being in session, a decree of partition and sale was entered. The findings and recital of the court were that the parties all appeared.

Under this decree the lot was regularly sold by the sheriff to James Cochran, the surviving husband of Harriet Cochran, deceased, for $2,000. A deed was made to the purchaser, September 19, 1867, which, on the same day, was filed for record.

By mesne conveyances from James Cochran the title acquired by him was on June 17, 1868, vested in Howard M. Holden and Lyman Fullerton as tenants in common by deed from George Wilson, containing full covenants of warranty of title. On June 11, 1864, a tax deed was made by the city register, which purported to convey to Daniel Burns said lot 184. On July 3, 1868, Burns by quitclaim deed in consideration of $600 conveyed said lot to said Holden and Fullerton.

The court found that Holden and Fullerton purchased and paid for said lot, $3,125 to Wilson, and $600 to Burns, in good faith, believing that this deed would secure to them a good and perfect title to the lot. Defendants claim under a regular chain of title from Holden and Fullerton.

The court further found that in the year 1868 the said Holden and Fullerton took the actual possession of the lot, and the same has been held by them and their grantees openly, notoriously, exclusively, and adversely since that date.

James Cochran, the surviving husband of the said Harriet, died January 12, 1881, and this suit was commenced January 9, 1891.

The court concluded its finding as follows: "As matter and conclusion of law on the foregoing special findings and conclusions of facts the court finds for defendants."

Plaintiffs offered evidence tending to prove that they did not authorize their appearance in the partition proceedings, and did not receive the proceeds of the sheriff's sale. Plaintiffs asked, and the court refused to give, declarations of law to the effect that if the appearance of the parties to the partition suit was not authorized the judgment would be void as to such parties.

The judgment upon the facts found was for defendants.

The grounds assigned for a new trial on motion therefor were the omission of the court to find, among others, the following material facts: Whether George L. Cochran, Charles A. Cochran, Medora Turner, or Anna C. Cummings, or any of them, authorized their appearance in the partition proceedings or received the proceeds of the sheriff's sale; whether certain ordinances of the City of Kansas were in force at the time of the assessment and sale of the lot for taxes, and whether the lot was assessed in the name of J. Cochran for the tax of 1861. The refusal of the court to give the declarations of law was also assigned as a ground for new trial. The motion was overruled and plaintiffs appealed.

I. A preliminary question of practice is raised which may be first settled. It is said that a general conclusion of law that "the court finds for the defendant" is insufficient to answer the requirements of the statute that the court, when requested by either party

"shall state in writing the conclusions of facts found separately from the conclusions of law." R. S. 1889, sec. 2135.

We are of the opinion that under this provision the court is required to find and state in writing, not only every constitutive fact in issue to which his attention is directed, but also separately the conclusions of law thereon in order that exceptions may be taken thereto. Prior to this act the court, when trying a case in which the parties were entitled to a jury, was required, when requested, to state in writing the conclusions of law. This was done in the form of declarations of law asked by the parties. The conclusions of law were shown by giving or refusing these declarations.

We doubt whether, by this act, the legislature intended to change the practice in this respect. The only substantial change made is in respect to a finding of facts. Whether the conclusions of law were required to be stated in a form or manner different from what was required under the rules of practice then in force does not appear.

We are well satisfied, however, that if either party desire the court to declare the law specially upon any conclusion of facts found it is his duty to make a specific request that it do so. Failing to make such request a general finding for one party is equivalent to a declaration of law that upon all the facts found such party is entitled to recover, and is sufficient to support the judgment.

The general finding for defendants in this case was equivalent to saying that upon the facts, as found, no other conclusion of law could be reached than that defendants had a right to the possession of the property in suit, which plaintiffs could not disturb. If that legal conclusion necessarily follows from the conclu-

sions of facts found the conclusion of law would appear to be sufficiently definite.

II.  The suit is prosecuted in the names of the husbands of Anna Cummings and Medora Turner who will be designated as plaintiffs in this opinion.  Harriet Cochran, the ancestor of plaintiffs, is the common source of title.  Defendants claim through a sheriff's deed upon a sale under a judgment in partition among the heirs of the said Harriet, and the heirs of one Benjamin V. Glime who claimed an equitable title to one undivided one half of the premises.  Plaintiffs are the heirs at law of the said Harriet Cochran and have her title by descent, unless divested thereof by virtue of said sheriff's deed, the tax deed, or the statutes of limitation.

The view we take of the case makes it necessary to consider only the validity of the proceedings in the partition suit which resulted in the sheriff's sale and deed.

The court undoubtedly had jurisdiction of the subject-matter of that suit.  Plaintiffs were all named as parties to the proceeding.  If they were in fact parties according to the rules of law in force at the time then the deed from the sheriff operated as a bar against them to any claim or title they held.  No objection is made to the regularity of the proceedings in other respects.

Plaintiffs Anna Cummings and Medora Turner insist that the court never acquired jurisdiction over them in the partition proceedings and as to them the judgment is absolutely void upon the face of the record.  It appears from the record that these two plaintiffs were married women at the time the judgment was rendered and that their husbands were not joined with them as parties defendant.  This omission, it is claimed, rendered the judgment void as to them.

It is not claimed that a judgment in partition suit is not conclusive and binding upon the rights of a married woman in the subject-matter of the proceedings in case she has been brought under the jurisdiction of the court. But said plaintiffs insist that in order to acquire jurisdiction over a married woman it was essential that her husband be joined with her and that he also be brought within the jurisdiction of the court, and that the partition law makes no exception to the rule.

The partition act, and general practice acts in force at the time this judgment was rendered, are found in the General Statutes of 1865. Chapter 152 treats of partition. By an examination of this chapter, which undertakes to treat of the entire subject and to regulate the proceedings, no distinction is made between an interested married woman and any other party in interest. It speaks of all alike as parties in interest. Married women are included in this description. *Davenport v. Hannibal*, 120 Mo. 150. They may be joined as plaintiffs or made defendants. If omitted entirely they may appear and be made parties on application for that purpose. Section 9. They may appear and confess judgment. Section 12.

The act does not require that husbands of interested married women shall be made parties. It treats fully of the subject of parties and the omission could not have been inadvertently made. By the very clearest implication the partition act does authorize a married woman to sue and be sued alone in partition cases and in respect to her own interest in the premises sought to be divided. The husband is only a necessary party in respect to his marital rights in his wife's property, or rights he may have independently of those of his wife.

The object of partition is not to defeat the rights of any of the common owners but merely to separate

them so that each may hold his interest in severalty.

The partition act is independent of the practice act in all matters of practice for which provision is made, and under it this court has held that the rights of infants are regulated, and though the practice act requires suits by and against infants to be prosecuted by guardian or next friend, a judgment in partition to which an infant appeared by next friend was held erroneous on appeal for the reason that the partition act requires such suits to be prosecuted by guardian. *Colvin v. Hauenstein*, 110 Mo. 581.

The independent rights of a married woman in matters of the partition of property held in common with others is illustrated in a recent case in which it was held that under certain circumstances a parol partition would bind her in equity. *Sutton v. Porter*, 119 Mo. 103.

Our conclusion is that the judgment was not void by reason of the omission to join the husbands of the married women as parties to the proceedings. Married women are clearly authorized under the partition act to sue and be sued alone, that is, without joining their husbands with them, and the provision of said act that "all pleadings and proceedings under this chapter, except as may be herein otherwise provided, shall be as in ordinary civil actions," has no application to the joinder of husband in suits for the partition of the land of the wife.

III.   Objection is next made to the jurisdiction of the court over these plaintiffs on the ground that the record shows that they appeared by next friends, which, it is claimed, was wholly unauthorized, and, therefore, was insufficient to give the court jurisdiction over them.

It has been said that, when the recitals of the judgment "show any facts, jurisdictional in their

character, which negative the jurisdiction of the court, then the record is self-impeached." Brown on Jurisdiction, sec. 26.

The principle is well settled under the decisions of this state that when the judgment recites generally the service of process, and the record shows the manner of service, the recital will be construed as referring to the service shown. If that service is insufficient to give the court jurisdiction the recital will be impeached. This principle is recognized in both the majority and minority opinions in *Bell v. Brinkmann*, 123 Mo. 270.

So if the judgment recites an appearance and the mode of the appearance is shown by the record the recital will be presumed to refer to such mode.

The partition judgment recites that Mrs. Cummings and Mrs. Turner appeared to the action and agreed to the judgment, but the answer which was filed in the cause, and was a part of the record, shows that their appearance was by their next friends. Upon the record, then, the presumption is that their appearance was by next friend and not otherwise. If such an appearance was unauthorized by law, then no jurisdiction was acquired over them, and the judgment upon the face of the record was void as to them.

The conclusion was reached in the preceding paragraph that in partition suits a married woman could sue and defend without her husband being joined with her. The question now is whether in such case she is authorized to sue or defend by next friend.

Suits for the partition of land were originally of equitable cognizance. While now statutory they partake of the nature of equitable proceedings. This equity jurisdiction is not curtailed or ousted by the statute. Courts of law and courts of equity have a concurrent jurisdiction in these suits. *Saving Inst. v. Collonious*, 63 Mo. 290.

The rule in equity suits is that when a married woman answers alone, without her husband, she does so by her next friend. Story, Eq. Pl., sec. 873. In the absence of any statute, then, these plaintiffs could have appeared and answered by next friend.

Looking to the general practice act of 1865 (G. S. 1865, p. 651, sec. 8) we find this provision relating to suits by and against married women:

"When a married woman is a party, her husband must be joined with her, except that: *First*, when the action concerns her separate property, she may sue and be sued alone; *second*, when an action is between herself and her husband, she may sue and be sued alone. But when her husband can not be joined with her, as herein provided, she shall prosecute or defend by her next friend."

This statute is remedial. Its manifest purpose was to enlarge the rights of a married woman in respect to the control of her husband in suits wherein her individual property was involved and in which the husband had no marital interest, and in suits in which the interest of husband and wife are, or might be, antagonistic. In all such cases it is manifest either that no necessity existed for joining the husband or there was impropriety in doing so. To such suits we think the statute was intended to apply. The intention in such cases was to adopt the rule in equity practice. The statute being remedial such liberal construction should be given it as will advance the remedy. *Campbell v. Railroad*, 121 Mo. 346; *Claflin v. Van Wagoner*, 32 Mo. 252.

We do not think the words "separate property," as used in the statute should be given the technical meaning that is applied to the words "separate estate," when used to distinguish the equitable from the legal

estate of a married woman. They imply no more than to designate property in which the marital rights of the husband are excluded or do not exist.

The record in the partition suit shows that Harriet Cochran, the ancestor of plaintiffs, on her death left her husband surviving her. Upon her death he took an estate for his own life in the entire property. The heirs took an estate in remainder. The life estate was outstanding at the date of the judgment. The wife had no possession or right of possession while the life estate continued and the husband could have none through her. There was, moreover, no such seizure in fact in the wife as created an initiate estate by the curtesy in the husband. *Carpenter v. Garrett*, 75 Va. 129.

The husbands of plaintiffs, therefore, had no manner or degree of legal interest in the estate of their wives in this land. The estate in remainder was the separate property of the wives so long as the life estate continued.

It follows that under the terms of the statute these married women properly defended by next friend.

IV. It is next insisted that the answer of F. A. Mitchell as next friend of said Anna Cummings and Medora Turner was insufficient because not subscribed by him. It was shown that the name of F. A. Mitchell appearing in the body of the answer as next friend of these two defendants was written by himself. It is true that all pleadings were required by statute to be signed by the parties or their attorneys. But we see no reason why this statutory requirement should not be given the same construction as has been given to the statute of frauds. In regard to that statute it is said: "In regard to the place of the signature, there is no restriction. It may be at the top or in the body, of the memorandum as well as at the foot." Browne on Stat. of Frauds [5 Ed.], sec. 357.

But the answer was amendable and the rule is that judicial proceedings that are amendable are not void. The court found and recited in the judgment that defendants appear and file their answer admitting the truth of the allegations in the petition. A failure to sign the answer can not be regarded as a matter of substance and does not render the judgment void. General Statutes, 1865, sec. 19, p. 671; *Rosenheim v. Hartsock*, 90 Mo. 365, and cases cited.

V. It is next insisted that plaintiff George L. Cochran who was also a plaintiff in the partition suit was at the time a minor and appeared by attorney instead of by guardian as required by the partition act.

Section 1 of that act provided that suits for the partition of land might be commenced by any one or more of the parties interested therein whether adults or minors. Said plaintiff was, therefore, authorized to join as a plaintiff and submit himself to the jurisdiction of the court.

But the act also provides that an infant shall be represented in such suits by his general guardian or by one appointed by the court. Sections 48 and 49. The appointment of a guardian *ad litem* by the court may, under the partition act, be made before or after any proceeding has been commenced. The proceedings in respect to infants are governed by the partition act and not by the general practice act. *Colvin Case*, 110 Mo. 583.

It appears, therefore, that a minor, as he may be brought into court as a defendant by service of process, so he may submit himself to the jurisdiction of the court as a plaintiff, after which in either case it becomes the duty of the court to appoint a guardian *ad litem* to represent him. In either case, however, the court acquires jurisdiction over him and the judgment would

not be void by reason of a failure of the court to appoint a guardian. *Fulbright v. Cannefox*, 30 Mo. 425. In this case the court held that "such judgments are not nullities but may be set aside on terms." See, also, *Charley v. Kelley*, 120 Mo. 143.

But the legislature, by an act which took effect March 13, 1867, the day before the rendition of this judgment, declared that no judgment after trial or submission shall be reversed, impaired or in any way affected by reason of "any party under twenty-one years of age having appeared by attorney, if the verdict or judgment be for him." 2 Wag. Stat., sec. 19, p. 1036; *Brandon v. Carter*, 119 Mo. 583.

The judgment in this case was in exact conformity to the prayer of the petition of said infant plaintiff and can not be affected on the ground that he appeared by attorney instead of by guardian.

VI. Plaintiffs in the partition suit were represented by Douglass and Gage as attorneys. Two of the defendants therein, namely, Charles A. Cochran and James Cochran, appeared and answered by the said Douglass as their attorney. These defendants were both adults, one a son, and the other the husband, of the said Harriet Cochran. Neither was under disability. By their answer they admitted all the allegations of the petition and agreed that judgment should be rendered according to the prayer of the petition. This appearance and confession the court found as a fact and the judgment so recites. It is now insisted that the court obtained no jurisdiction over Charles A. Cochran through his appearance by one of the attorneys who represented the plaintiffs.

We do not think it necessary in this case to consider the effect of an appearance of a defendant by one of the counsel of plaintiffs in a suit for

partition in which the rights of the parties are not disputed.

The court found specially that the purchase of the land at the sale by the sheriff by James Cochran, one of the defendants, was made by agreement of the parties, with the understanding that the title acquired should inure to the benefit of all the parties in interest. Such an executed agreement, standing unquestioned for twenty years, surely estops him, at this day, to deny the jurisdiction of the court over him. He clearly ratified the judgment by his acts in subsequent proceedings upon it.

That such judgments may be ratified by the acts of parties whose interests are thereby adjudicated is well settled by the decisions of this court. It is said in *Pockman v. Meatt*, 49 Mo. 349: "In proceedings in partition the sale is by the act of the parties themselves as well as by a judgment, and is not a sale *in invitum* like an ordinary sheriff's sale under execution." See, also, *Pentz v. Kuester*, 41 Mo. 447.

It was said by SHERWOOD, J., in discussing the effect a receipt of the proceeds of a sale in partition would have upon a party in interest: "If she knew from what source these proceeds came, and still receipted for them, * * * she certainly would not be allowed to repudiate the transaction now, even if the partition proceedings were, in fact, void. She certainly could not have both the money and the land." *McClanahan v. West*, 100 Mo. 323. See, also, *Fischer v. Siekmann*, 125 Mo. 165.

The same rule of estoppel has been applied to judgments in cases other than partition. *Austin v. Loring*, 63 Mo. 23; *Clyburn v. McLaughlin*, 106 Mo. 524; *Lanier v. McIntosh*, 117 Mo. 519.

The special finding of fact that the purchase was made by James Cochran, the father of the heirs of

Harriet Cochran, for their benefit, is conclusive upon this court, especially so in view of the fact that its correctness is not questioned by appellants.

VII. Evidence was offered by plaintiffs which tended to prove that the appearance of none of them to the partition suit was authorized, and that they had in fact no knowledge of that proceeding whatever. Upon this question the court made no finding of fact. The omission is assigned as error.

The statute requires the court, when requested by either party, to "state in writing the conclusions of facts found separately from the conclusions of law." Sec. 2135. Elliott, in his recent work on practice (sec. 975), gives this rule as one, in his opinion, founded upon right principle: "If a special finding is silent on a material point it is deemed a finding against the party who has the burden of proof." This rule finds support in the decisions of the supreme court of Indiana. *Railroad v. Hart*, 119 Ind. 280; *Bank v. Bolen*, 121 Ind. 304.

But in this case plaintiffs asked the court to state a conclusion of law to the effect that if their appearance was not authorized the judgment was void. This declaration of law was refused. From this we may infer that the court held the fact to be immaterial under the pleadings, and the facts that were found. We will so treat it.

The question then comes to this, could plaintiffs, in this suit, in order to avoid the force and effect of the judgment, prove that their appearance by attorney and next friend was not authorized by them.

It is well settled law in this state that a foreign judgment, rendered on an unauthorized appearance, may be set aside by a direct proceeding for that purpose, or its effect overcome by a plea in equity to a suit on such judgment or to enforce rights secured

thereunder.    *Marx v. Fore*, 51 Mo. 70; *Napton v. Leaton*, 71 Mo. 367; *Bradley v. Welch*, 100 Mo. 268.

But the judgment, as has been seen, was valid upon the face of the proceedings and no direct attack is made upon it here.    The attempt is to defeat its force by an indirect and collateral attack which we think can not be done.    Whether the appearances were authorized or not was a question upon which the court had the power to pass and in fact necessarily did pass in finding that the parties appeared.    The finding is invulnerable collaterally.    Van Fleet, Coll. Attack, secs. 420 and 421, and cases cited.

VIII.    It appears from the record that one of the heirs of Harriet Cochran died without issue before the commencement of this suit, and that an interest in his estate descended to his half brothers and sisters.    These were not made parties to the partition suit.    It is now insisted that the entire judgment for that reason is void.    For this contention reliance is placed upon certain decisions of this court.    *Dameron v. Jameson*, 71 Mo. 97; *Estes v. Nell*, 108 Mo. 172.

Counsel, we think, misapprehended the scope of the rulings in these cases, and the proper construction of the statute which requires every person having an interest in the premises to be made parties to the action. These cases go no further than to hold that in case it appears from the pleadings or evidence that persons have an interest in the property who are not made parties to the action, a judgment should not be rendered until such persons are made parties and brought under the jurisdiction of the court.    It was not held, nor intimated, that a judgment of partition could be avoided by one of the parties to it upon the ground that others, who were not parties, had an interest in the premises partitioned.    Such a judgment would conclude all per-

sons who were brought within the jurisdiction of the court. The judgment is affirmed. BRACE, P. J., and BARCLAY, and ROBINSON, JJ., concur.