CHARLES A. YOUNG, Appellant, v. KATE L. STEPHENS, Respondent.

St. Louis Court of Appeals, April 7, 1896.

1. **Practice, Trial:** SEPARATE FINDINGS OF FACT AND LAW. A statement by the trial court of its findings of fact and conclusions of law in the trial of a cause before it without jury will not be reviewed upon appeal, if it is made upon request of a party after the rendition of judgment by that court. The statute (R. S., sec. 2135) contemplates that the request should precede the judgment.

2. **Law and Fact:** DEDUCTION OF INFERENCES FROM WRITINGS. When different inferences of fact are deducible from a writing introduced in evidence in a cause, the jury or trier of the facts is the judge as to the inference to be drawn.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Dawson & Garwin* for appellant.

(1)   The contract of sale was within the scope of the agent's authority.   Mechem on Agency, secs. 304, 314, 315; *Holloday v. Daily*, 19 Wall. 606; *Turner v. Whedden*, 22 Me. 121; *State v. Bank*, 45 Mo. 539; *Kinneally v. Bird*, 9 Mo. App. 359; *Harrison v. Railroad*, 50 Mo. 337; *McNichols v. Nelson*, 45 Mo. App. 452; *Rice v. Graff*, 45 Mo. 432; *Sparks v. Transit Co.*, 104 Mo. 540; *Smith v. Allen*, 86 Mo. 178; *Cobb v. Day*, 106 Mo. 278;   *Lyon v. Pollock*, 99 U. S. 668; *Parker v. Kerr*, Salk, 96; *Parker v. Imlay*, 15 Wend. 431.   (2)   The sale as made was ratified by defendant, and she is estopped to deny the authority of her agents or the sufficiency of the written memoranda.   *Harrod v. McDaniels*, 126 Mass. 415; *Ander-*

son v. *Shockly*, 82 Mo. 250; *Foster v. Rockwell*, 104 Mo. 171; *Hyatt v. Clark*, 118 N. Y. 563; Best on Evidence, 123; *Kelly v. Railroad*, 141 Mass. 496; *Ruggles v. Washington Co.*, 3 Mo. 504; *Mantz v. Maguire*, 52 Mo. App. 148; *Watson v. Bigelow*, 47 Mo. 415. (3) The contract is binding upon defendant, and plaintiff should recover loss sustained by its admitted breach. See cases cited *supra; Samuel v. Bartee*, 53 Mo. App. 589; *Tinsly v. Dowell*, 24 S. W. Rep. 928.

*Smith & Harrison* for respondent.

BOND, J.—Kate Stephens, of Cambridge, Massachusetts, was the title holder of a lot and a building thereon, situate on Locust street in this city. She states the beneficial interest therein belonged to her mother; her brother also claimed some interest in the property. The right to collect the rents of said property was vested in Andreas & Gerst, a real estate firm in this city, until all advances made by them should be paid out of the income of the property. Said agents wrote their principal the following letter:

"St. Louis, Jan. 20, 1892.

"*Kate Stephens, 120 Brattle St., Cambridge, Mass.*

"We herewith return your statement, of date January 6, 1892, and have answered your questions on statement, which we hope will be satisfactory. In your letter you mention something of being desirous of selling your Locust street property at a good price. We thought our last offer was a good price, as the property does not pay interest and taxes and repairs on present loan of $7,200. If you will kindly give us your lowest price, we will do our best to make a sale. In case a sale is made, our charges are 2 1-2

per cent on the deal.   The taxes for 1891 are past due, and bring 1 per cent interest monthly.   If you desire the same to be paid, kindly inform us and we will pay same and charge to your account.

"Yours respectfully,

"ANDREAS & GERST."

She replied as follows:

"120 BRATTLE STREET, CAMBRIDGE, MASS.,

"February 3, 1892.

*"Messrs. Andreas & Gerst:*

"GENTLEMEN:—In reference to the sale of my Locust street property, I think I ought to get out of it a clear $10,000 here in Boston.   This will put the price of the property about $18,000, perhaps a little more, paying you commission and mortgage and back dues of taxes and interest.   The property ought to command this in the market now, and surely in the spring market which will shortly open.   Fine buildings are going up in its neighborhood, and, as is evidenced in the offers of December, men are seeking investments about them.

"This price will hold good, if I do not write or wire you another.   As I said to you in my last letter, I hold the property in trust for my mother, and I can not hereafter be responsible for any payments of money, except those absolutely necessary to keep the house in tolerable repair and to keep up taxes and interest.   I can not honor payments.   I hope the tenant has so paid up back rent, that you will have a part of the money necessary for this month's note on hand.

"Shall always be glad of whatever advices relative to the price, or other points about the property, you may be able to send me.   I am,

"Very truly yours,

"KATE STEPHENS."

There was evidence tending to show that on February 29, 1892, Kate Stephens passed through St. Louis and called at the office of said agents, and directed them to take no steps toward making a sale of said property until they were further instructed; that thereafter, on March 14, 1892, said agents informed her by letter that they had sold her property; and that she disaffirmed such action, wherefore Charles Young, claiming to have been the purchaser, sued her for damages for breach of the following contract set out in his petition:

"ST. LOUIS, Mo., March 14, 1892.

"Received of Charles A. Young, Esq., two hundred dollars, being part of purchase money for property number 1121 Locust street, having a frontage of twenty-five feet on the north line of Locust street by a depth of one hundred and two feet, six inches, more or less, to an alley, sold to said Young for the sum of eighteen thousand dollars on the following terms: He to assume an incumbrance now upon said property for the sum of seventy-two hundred dollars due in about two years from date with interest at six per cent, payable semi-annually, and to pay balance in cash, of which this two hundred dollars is a part. Said Young to assume the taxes for the year 1892, and all interest to be assumed from said first day of May, 1892, and all rents to said May 1, 1892, to go to the present owner. Title to be perfect and warranty deed to be given said Young. If said Young shall not comply with the above agreement, the above amount to be forfeited.

(Signed) "KATE L. STEPHENS,

"ANDREAS & GERST, Agents.

"I accept the above for Chas. Young,

(Signed) "FRANK OBEAR.

"I accept the above,

(Signed) "CHAS. A. YOUNG." [SEAL]

VOL. 66 app—15

The answer was a general denial, verified by affidavit. The cause was submitted to the court, a jury being waived. On the trial there was evidence tending to prove that a sale at the price stated in the contract alleged in plaintiff's petition would not have netted defendant $10,000, after deducting commissions, amount of mortgage on property, and "back dues of taxes and interest." The court made a general finding, and rendered judgment for defendant on the twenty-eighth day of December, 1894. Thereafter, to wit, December 31, 1894, plaintiff requested a written statement by the court of its findings of fact and conclusions of law. On January 3, 1895, the court filed such statement in writing. Plaintiff appealed to this court.

Much of the argument of the counsel for appellant is based upon the findings of fact made by the trial court. These were no part of the record in this case, and are not reviewable in this court on account of the fact that they were requested and furnished *after* the entry of a general judgment for defendant. Section 2135, Revised Statutes, 1889, authorizing a separate statement in writing of the findings of fact and conclusions of law, contemplates that "the request for and such findings must precede the judgment." *Hamilton v. Armstrong*, 120 Mo. *loc. cit.* 614. This disposes of the argument made by appellant, that the judgment rendered was not the legal sequence of the facts found.

No instructions were asked or given in this case. The only error claimed as to the evidence was the admission of the letter dated January 20, 1892. There was no error in this ruling. The letter in question contains a statement of the charges due on the property and the costs of a sale, and was written to defendant to afford data upon which to fix a price. That it was the basis upon which defendant estimated the

price she was willing to take is apparent from the language of her reply.

The only other objection to which the judgment in this case is open under this state of the record is that, under the uncontradicted evidence, it should have been in favor of plaintiff; for, if there was any substantial conflict in the evidence, or any failure on the part of plaintiff to make out a case (upon whom rested the burden of proof), the judgment for defendant could not be disturbed. The correspondence between the plaintiff and defendant admits of the inference that the plaintiff was limited to such price as would net to the defendant $10,000 as well as of the inference that plaintiff was authorized to sell the property for $18,000, and in such cases the inference is one of fact. *Primm v. Haren*, 27 Mo. 205. *Enterprise Soap Works v. Sayers*, 55 Mo. App. 16. The trier of the fact evidently drew the former inference, and, as there was substantial evidence showing that the sale did not net the defendant $10,000, a judgment for the defendant was not erroneous as a matter of law. Whether it was against the weight of the evidence is not for our consideration. The judgment will, therefore, be affirmed. All the judges concur.