Butts v. Ruby.

---

H. C. BUTTS, Respondent, v. G. R. RUBY, Appellant.

Kansas City Court of Appeals, November 5, 1900.

1. Appellate and Trial Practice: SPECIAL FINDINGS OF FACT. Unless the request for special findings of facts, under section 695, Revised Statutes 1899, precedes the judgment, such finding is no part of the record for review by the appellate court.

2. Real Estate Broker: COMMISSIONS: INSTRUCTIONS: EVI-
DENCE. Instructions requiring a real estate broker to produce a
purchaser ready, willing and able to make and carry out a contract
for an absolute sale, and not for a mere option, properly declare
the law and are supported by the evidence in the record and the
broker is held entitled to his commissions.

Appeal from the Livingston Circuit Court.—*Hon. E. J.
Broaddus*, Judge.

AFFIRMED.

*Lewis A. Chapman* for appellant.

(1) Respondent was not entitled to recover unless he
has shown by a preponderance of the evidence that Halliday,
the proposed purchaser, was ready, willing and financially
able to buy. He must show that Halliday was solvent and had
the means to buy with. This is not shown by proof that some
one was able to loan him money. Huggins v. Hearne, 74
Mo. App. 86; Lunney v. Healey, 44 L. R. A. 619; Iselin v.
Griffith, 62 Ia. 668, 670; Hayden v. Grillo, 26 Mo. App. 289;
Hayden v. Grillo, 35 Mo. App. 647; Hayden v. Grillo, 42
Mo. App. 1; Chipley v. Leathe, 60 Mo. App. 16; Brauckman
v. Leighton, 60 Mo. App. 38; Hackmann v. Gutweiler, 66
Mo. App. 249; Zeidler v. Walker, 41 Mo. App. 118. (2)
The purchaser must be solvent. Christensen v. Wooley, 41
Mo. App. 60; Love v. Owens, 31 Mo. App. 511. (3) All
the testimony in the case shows that no absolute trade was
made. Zeidler v. Walker, 41 Mo. App. 118; Kimberly v.
Henderson, 29 Md. 515; Reiger v. Bigger, 29 Mo. App. 427.

*Jos. Barton* and *B. B. Gill* for respondent.

(1) The law of this state is, that a real estate agent is
entitled to his commissions when he procures a purchaser who

is willing and able, and offers to make the purchase according to the terms of the employment, or when he secures a valid contract of purchase·signed by a person who is able to specifically perform it, or is financially able to answer in damages in case he should make default.   Huggins v. Hearne, 74 Mo. App. 86; Wright v. Brown, 68 Mo. App. 583; Hayden v. Grillo, 35 Mo. App. 647.   (2) The agent was entitled to his commission if the evidence shows that he produced a party who was ready, willing and able to comply with the terms of the contract agreed upon. Christensen v. Wooley, 41 Mo. App. 60; loc. cit. Love v. Owens, 31 Mo. App. 501; Nichols v. Carter, 49 Mo. App. 405.   (3) This record shows that the so-called special verdict was not called for nor made until long after the case was tried and the judgment against defendant entered of record.   If the request for the special finding was made after the general judgment was entered, then it is not reviewable by this court.   Young v. Stephens, 66 Mo. App. 226; Hamilton v. Armstrong, 120 Mo. 614.   We insist there is no request in the record for special finding as required by statute.   R. S. 1899, sec. 695.

GILL, J.—Plaintiff was a real estate agent and defendant a merchant at Chillicothe, Mo.   The former sued the latter before a justice of the peace for the value of services performed at the latter's request in procuring a party, ready, willing and able to exchange a farm for the defendant's stock of goods.   In a trial before the circuit court, where the case was taken by appeal, the judge, sitting as a jury, found for plaintiff in the sum of $250 and defendant appealed.

The cause was tried October 3, 1899, and the record shows that on that day the evidence was all heard and the court directed a judgment for plaintiff.   The next day (October 4th) defendant filed his motions for new trial and in arrest of judgment.   On October 27th, while the motions for new

trial and in arrest were still undisposed of, defendant filed a request that the court make a special, separate finding of facts, which the court did.    Much now of the matters complained of on this appeal relate to this separate finding of ' facts.    But since these were not asked for until after the rendition of a general judgment we are not authorized to review the court's action in relation thereto.    It has been held by the supreme court and by the St. Louis court of appeals that the request for these special findings provided for by the statute (R. S. 1899, sec. 695) should precede the judgment, otherwise they constitute no part of the record for review by the appellate court.    Hamilton v. Armstrong, 120 Mo. 597; Young v. Stephens, 66 Mo. App. 222.

These matters aside and the important question then is, did the court have a correct view of the law governing such cases?    We determine this from an inspection of the instructions given and refused.    The plaintiff asked no instructions, but at defendant's request the court gave four, and which we find covered every substantial principle of law applicable to the case.    They, in effect, declared that before plaintiff could recover it rested on him to prove by a preponderance of the evidence, not only that defendant employed him to secure a party who would exchange land for the defendant's stock of goods, but that such party would make said exchange on terms fixed by defendant and would enter into a binding contract to that effect, and that said purchaser should be ready, willing and financially able to carry out said contract.    It was also declared that the plaintiff's engagement was to procure a purchaser ready and willing to enter into a contract for an absolute sale or exchange, and that therefore plaintiff was not entitled to recover for securing a buyer who would only join in a mere option contract whereby for a specific sum the contract should become null and void.

These are the principles declared in the authorities cited

in the briefs in so far as they apply to this case. They are elaborated throughout the four instructions given and comprise all the law necessary to a disposition of the case on its merits.

The objection that the evidence failed to make a case, we find, on a close reading of the record, is not well taken. It will serve no useful purpose to discuss the evidence in detail. When fairly considered it tended to prove every substantial element necessary to plaintiff's recovery.

After reviewing every exception contained in the record and complained of in the brief, we find no substantial error and the judgment will be affirmed. All concur.