JAMES G. BAILEY et al., Respondents, v. LUKE M. EMERSON, Appellant.

St. Louis Court of Appeals, February 12, 1901.

1. **Contract: REASONABLE TIME: JURY: COURT, PRACTICE, TRIAL.** What is a reasonable time, is generally a question of fact for the jury; it may, however, be a question of law for the court,

and if the undisputed circumstances of the particular case show that the delay was without excuse or a just regard to the rights of the adverse party, in such instances it is perfectly competent for the court to declare, as a matter of law, that a long delay thus occasioned is unreasonable.

2. ———: ——. In the case at bar the facts in the record do not bring the delay resulting from the negotiations between the parties within this doctrine.

3. Practice, Trial: FINDING OF FACTS BY THE COURT, REQUEST FOR: STATUTORY CONSTRUCTION. Where a request for the court to make a finding of the facts under the provisions of section 695, Revised Statutes 1899, before judgment, it is the duty of the court to state the conclusions of fact and law separately.

4. ———: ———: ———: ———: PRACTICE, APPELLATE: EXCEPTIONS. And such statement of the facts should embrace all that are constitutive, and is open to attack in appellate courts for failure in this respect, upon due exceptions saved in the trial court.

Appeal from Pike Circuit Court.—*Hon. Reuben F. Roy,* Judge.

AFFIRMED.

STATEMENT OF THE CASE BY THE COURT.

This action is for breach of warranty in the sale by defendant to plaintiffs of an imported jack for the sum of $560 to be paid for by note given on the eleventh of February, 1897, due in one year with seven per cent interest. The warranty was in substance, that the jack would prove a reasonably sure breeder, and in case of failure to discover that quality after trial for one season, might be returned to defendant and exchanged for another at a fair cash value. The answer averred compliance with the terms of this warranty. Upon the issue thus joined there was conflicting evidence. The court to whom

the case was submitted without a jury made a finding of the facts and expressed its view of the law in certain instructions given and refused.   Plaintiffs had judgment for the amount which they paid upon their note and certain expenses of shipment of the animals.   Defendant appealed and assigns for error the declarations of law and the finding of fact.

*J. H. Blair & Son* for appellant.

(1) In the absence of any reason for the need of longer time to do so, instruction number 3 should have been given as asked, and not modified by the court.   They say they did not select a jack at that time, or attempt to agree upon the price of one.   (2) Defendant could not act in the matter at all until selection was made by the plaintiffs and a fair cash value put thereon by them.   Until that was done the law did not call upon the defendant to either approve or dissent from the selection and price placed on the jack.   "A party can not maintain an action on a contract, when he himself is the first to violate it by withholding its reasonable benefits from the other contracting party."   Doyle v. Turpin, 57 Mo. App. 84.   (3) The court erred in its finding of facts, and in failing to find all of the substantive facts.   The court found that within a reasonable time after the jack was returned in August, 1897, the plaintiffs selected another jack and the defendant agreed to ship him to them in exchange for the first jack under the terms and conditions of the contract of February 11, 1897, but failed and refused to do so.   This finding is not supported by the evidence.   The offer to exchange was not made until nineteen months after the return of the jack.   It was not within a reasonable time.   All the evidence further shows that the defendant at all times, even up to the time of filing his answer, was willing and ready to exchange jacks under the terms of

the contract of February 11, 1897, but the plaintiffs would not accept any settlement that did not allow them to return and exchange the second jack if he did not prove satisfactory, and to keep on exchanging until they got one that did, which right was not given them under said contract. This demand of the plaintiff, over and above the requirements of said contract, was the reason why the jack was not delivered. These last facts were constitutive facts, and should have been found by the court. Cochran v. Thomas, 131 Mo. 258.

*Tapley & Fitzgerrell* for respondents.

(1) Instruction number 9 was properly refused for the reason that what is a reasonable time is a question of fact; and as to what is a reasonable time depends upon the circumstances of each case. Bryant v. Saling, 4 Mo. 522; McNew v. Booth, 42 Mo. 189. (2) Instructions numbered 3, 4, 8 and 11 were properly modified by the court, among other reasons, because appellant's theory was that the jack should · have been exchanged within a reasonable time. He is precluded from taking this position by reason of his answer, and for the further reason that where no time is specified in a contract the law presumes a reasonable time. Bryant v. Saling, 4 Mo. 522; Salisbury v. Renick, 44 Mo. 554; Minnesota Oil Co. v. Collier Lead Co., 4 Dillion (U. S.) 431. (3) Declarations 1 and 2 given by the court of its own motion are the law and were properly given. Martin v. Maxwell, 18 Mo. App. 176; Moore v. Emerson, 63 Mo. App. 137.

BOND, J.—The court gave eight declarations of law requested by defendant and refused two, one of the latter being to the effect that the verdict must be for the defendant and the other that the selection of an animal in exchange for the one

purchased be made (as there was evidence tending to show) was too late as a matter of law to afford plaintiffs any right under the terms of the warranty providing for such exchange. The court did not err in refusing these two requests, neither of them would be proper, in the conflict shown in the evidence as to the breach of the warranty and the peculiar facts attending the return of the animal and the selection of a substitute. On these points the evidence tended to show that the jack delivered to plaintiffs was returned to defendant after one season's trial as not being up to warranty, that the parties at that time not being able to agree as to the selection of another jack, plaintiffs made some proposition for a return of their note given for the purchase money and waited for some time thereafter for a counter-proposition from defendant; that not receiving any such they returned from their home in Illinois to defendant's stock farm in Missouri again in 1899, at which time a mutual agreement between the parties was had for the shipment to plaintiffs of a particular jack selected by them from the number exhibited by defendant, that defendant required plaintiffs to make a written statement to him that they would make no claim for further substitution if the second jack proved impotent, that they declined to accede to this proposition whereupon defendant finally agreed to ship them the jack which they had picked out which, however, he failed to do, after repeated demands on the part of plaintiffs. That he also failed to return to plaintiffs any part of the sum expended by them in the payment of the note given for the first jack which they returned to him.

Under this state of the evidence we are not prepared to say that the delay in selecting a jack (in exchange for the one purchased) from August, 1897, until 1899, was conclusively unreasonable as a matter of law. What is a reasonable time is generally a question of fact for the jury; it may, however,

be a question of law for the court, and if the undisputed circumstances of the particular case show that the delay was without excuse or a just regard to the rights of the adverse party, in such instances. it is perfectly competent for the court to declare as a matter of law that a long delay thus occasioned is unreasonable and therefore preclusive of a right which depended for its enforcement upon being asserted in a reasonable time. Clearly the facts in this record do not bring the delay resulting from the negotiations between the parties within this doctrine, hence the court did not err in the refusal of that instruction (nine) which so declared the law, neither did it err in the modifications of the other instructions requested by defendant so as to submit the question of reasonable time to itself, as a trier of facts.

II. We do not observe in the transcript any specific request for the court to make a finding of the facts under the provisions of section 695 of the revision of 1899. Where such a request is made by either of the parties before judgment, it is the duty of the court to state the conclusions of fact and law separately. Young v. Stephens, 66 Mo. App. 222; Kostube v. Miller, 137 Mo. loc. cit. 173, and cases cited. Such statement of facts should embrace all that are constitutive, and is open to attack in appellate courts for failure in this respect upon due exceptions saved in the trial court. Lowen v. Forser, 137 Mo. 38.; Freeman v. Hemmenway, 75 Mo. App. loc. cit. 621. In the case at bar, the finding of facts was in *ex gratia* on the part of the court. But, had it been properly demanded and proper attack been made in the trial court, the objection that it does not embrace the substantive facts brought out on the trial, would have to be overruled, for an examination of the evidence adduced discloses that the material facts necessary to the solution of the issues between the parties are em-

Vol 87 app—15

braced in the statement and finding of the trial court. Our conclusion is that the judgment in this case be affirmed. All concur.