GEORGE H. BACKER, Appellant, v. SEABOARD FIRE & MARINE INSURANCE COMPANY. Respondent.

St. Louis Court of Appeals, May 6, 1913.

1. **TRIAL PRACTICE:** Separate Findings of Fact and Law: Refusal.  In an action at law, the refusal of the trial court, upon due request therefor, to state in writing the conclusions of fact found separately from the conclusions of law, as required by Sec. 1972, R. S. 1909, is reversible error.

2. ———: ———: ———: Equity Case.  The trial court's failure to make separate findings of fact and conclusion of law on request, as required by Sec. 1972, R. S. 1909, is not reversible error in an equity case.

3. ———: ———. The trial court cannot be required to give declarations of law and also to make findings of fact and conclusions of law under Sec. 1972, R. S. 1909, but it is required to do one or the other upon due request therefor.

4. ———: ———. Where, after a demand for a separate statement of conclusions of fact and law had been made by plaintiff, the court requested counsel to submit suggestions for such findings, and the suggestions submitted were rejected, the fact that such suggestions were submitted would not deprive plaintiff of his right to have the court make a separate statement of conclusions of fact and law in compliance with Sec. 1972, R. S. 1909.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED.

*H. A. & C. R. Hamilton* and *S. C. Taylor* for appellant.

If one of the parties requests the court to state its findings of fact and conclusions of law, it is the duty of the trial court so to do. The failure or refusal to make such findings in a legal action constitutes reversible error. R. S. 1909, sec. 1972; Loewen v. Forsee, 137 Mo. 29; Miller v. McCaleb, 208 Mo. 562; Fahy v. Grocer Co., 57 Mo. App. 73; Hamill v. Talbott, 72 Mo. App. 22; Bailey v. Emerson, 87 Mo. App. 220; Gaines & Co. v. Grocer Co., 107 Mo. App. 507; Stewart v. Grain Co., 163 Mo. App. 473.

*Charles B. Obermeyer* and *George L. Edwards* for respondent.

ALLEN, J.—This is a suit upon a policy of fire insurance issued by defendant company. Plaintiff is the trustee in a deed of trust covering the building insured and the plot of ground upon which it was situated. Attached to the policy is the usual mortgage clause, making the loss, if any, payable to the plaintiff

trustee, as his interest may appear. The cause was tried before the court without a jury,. resulting in a judgment for defendant, and plaintiff appeals. In the view that we take of the appeal it is unnecessary to state the facts relating to the merits of the controversy.

During the trial, and before the cause was submitted, the plaintiff, with the view of excepting to the decision of the court upon the questions of law arising in the case, requested the court to state in writing "the conclusions of facts found separately from the conclusions of law," in accordance with the provisions of section 1972, Revised Statutes 1909. The court thereupon asked plaintiff's counsel to submit suggestions for such finding of facts and conclusions of law in accordance with plaintiff's request; and in compliance therewith counsel for plaintiff submitted certain suggestions for the consideration of the court in the premises. The cause was thereupon taken under advisement by the court, and thereafter the court refused to adopt the suggestions of plaintiff's counsel, and without making any statement of its finding of facts or conclusions of law, entered a general judgment for the defendant. Plaintiff duly preserved an exception to the action of the court in failing to comply with the above mentioned statute.

We do not enter into the merits of the controversy for the reason that, in our judgment, the case must be reversed for error on the part of the court in failing, upon due request made therefor, to make a finding of facts, stating separately its conclusions of law, as required by the statute.

Section 1972 of the Revised Statutes 1909 provides as follows:

"Upon the trial of a question of fact by the court it shall not be necessary for the court to state its findings, except generally, unless one of the parties thereto request it with the view of excepting to the decision

of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law.''

Under this statute it was imperative that the court, upon request, make, in writing, a finding of facts, and state separately its conclusions of law. The court was not bound, of course, to adopt the suggestions made by plaintiff's counsel in respect thereto, but it could not avoid the necessity of complying with the statute. Its duty in the premises was plain. Had the case been one in equity, the failure of the court to follow the statute would not have been reversible error. [See Miller v. McCaleb, 208 Mo. l. c. 574, 575, 106 S. W. 655; Shaffer v. Detie, 191 Mo. l. c. 387, 90 S. W. 131; Fitzpatrick v. Weber, 168 Mo. l. c. 572, 68 S. W. 913; Gaines & Co. v. Grocery Co., 107 Mo. App. l. c. 532, 81 S. W. 648.]

In an action at law, tried before the court without a jury, where a request is made by either of the parties to the suit, before judgment, for the court to state in writing its conclusions of facts found separately from its conclusions of law, as the statute provides, it is the duty of the court so to do. [See Kostuba v. Miller, 137 Mo. l. c. 173, 38 S. W. 946; Cochran v. Thomas, 131 Mo. l. c. 267, 33 S. W. 6; Brinson-Judd Grain Co. v. Becker, 76 Mo. App. l. c. 379; T. J. Moss Tie Co. v. Kuilich, 80 Mo. App. 304; Bailey v. Emmerson, 87 Mo. App. 220; Stewart v. Grain Co., 163 Mo. App. l. c. 486, 143 S. W. 868.]

The requirement of the statute is said to be that the court shall state in writing, ''not only every constitutive fact in issue to which his attention is directed, but also separately the conclusions of law thereon in order that exceptions may be taken thereto'' (Cochran v. Thomas, supra), and that this is required ''in order that the theory of law upon which the case

was tried may be made apparent, as well as how the court found the facts." [Kostuba v. Miller, supra.]

Respondent urges that the court may be required to give or refuse declarations of law on the one hand, or to make a finding of facts with its conclusions of law on the other, but that it cannot be required to do both. In this respondent is correct. [See Stewart v. Grain Co., supra; T. J. Moss Tie Co. v. Kreilich, supra; Kostuba v. Miller, supra.] But this avails the respondent nothing in this case, for plaintiff below did not seek to have the court do both. Plaintiff did not ask declarations of law, but requested the court to state its conclusions of fact and of law separately; the very thing which the statute requires the court to do upon such request being made. In compliance with a request made by the court, counsel for plaintiff did, it is true, submit in writing certain findings of fact and conclusions of law, which the court saw fit to reject. This could not deprive the plaintiff of his right to have the court make a proper statement thereof, in writing, in compliance with the statute.

The further contention is made by respondent that the statement of facts need embrace only the constitutive facts which are not admitted by the pleadings or about which there was no controversy at the trial, citing Fahy v. Grocer Co., and Bailey v. Emmerson, supra; and it is urged that the substantive or constitutive facts in this case are either admitted by the pleadings or are established by uncontroverted evidence, and hence there was no necessity for the court to make any finding of facts. We think, however, that what was said in these cases has no application here. This for the reason that in both cases the trial court made a finding of facts (though in the Bailey case there was no request therefor), and the question on appeal pertained to the sufficiency of such finding. In the case before us, the court made no statement of its finding of facts or conclusions of law whatsoever, though re-

quest therefor was made by plaintiff, but simply entered a general judgment, finding the issues in favor of the defendant. Having in view the purposes of the statute, as indicated above, we are of the opinion that the action of the court in so doing is reversible error. It does not appear that all the facts are admitted by the pleadings; there are objections in the record which were not passed upon at the trial, and as to which the court appears to have reserved its rulings in taking the case under advisement; and the court rejected the suggestions for a finding of facts submitted by plaintiff's counsel, refusing to adopt the same as a statement of facts in the case. We think that it cannot be said that the facts were wholly beyond dispute; and it is certain that the record does not show the theory of law upon which the court based its decision. In our opinion the plaintiff had a clear legal right to have a finding of facts made, and to have the court state separately its conclusions of law thereon.

The judgment must be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.