LEONA FREY, Respondent, v. JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY, Ap-
pellant.

St. Louis Court of Appeals.    Argued and Submitted March 3, 1915.
Opinion Filed April 6, 1915.

1. COMPROMISE: Disputed Liability: Conclusiveness of Com-
promise. Where an insurer claimed that a policy on the life
of a deceased person had lapsed by reason of the nonpayment
of the premiums and the beneficiary claimed that the premiums
had been paid, and the parties agreed upon a smaller sum than
the amount of the insurance as a compromise and settlement
of the controversy, which sum was paid, such compromise was
binding upon the beneficiary, in the absence of fraud or deceit,
barring a recovery on the policy.

2. ———: ———: ———. The courts favor the compromise of
disputes, and when the parties make such a compromise, they
are bound by it, in the absence of fraud or misrepresentation
of fact.

Appeal from St. Louis City Circuit Court.—*Hon. Leo
S. Rassieur,* Judge.

REVERSED.

*Leahy, Saunders & Barth* for appellant.

The court erred in refusing to give defendant's
demurrer at the close of plaintiff's case because: (a)
There was evidence of a bona-fide dispute as to the
validity of the policy and there was no evidence of any
fraud, deception, false representation or over-reach-
ing on the part of the defendant company in effecting
the compromise and settlement with plaintiff, made
after she demanded payment of the policy. Dodt v.
Prudential Insurance Co., 171 S. W. 655; Harms v.
Casualty Co., 172 Mo. App. 241; Biddlecom v. General
Accident Assurance Co., 167 Mo. App. 581; King v. Ins.

Co., 36 Mo. App. 140. For an exhaustive discussion of this question, *vid.*, 8 Cyc. 505-11; 1 Corpus Juris., 551.

*James J. O'Donohoe* for respondent.

At the request of defendant, the court submitted to the jury the issue of the validity of the release and defendant should not now be heard to challenge the verdict on the ground that it was error to submit such issue. Harris v. Hays, 53 Mo. 90; Flowers v. Helm, 29 Mo. 324; Banks v. Hammerslough, 72 Mo. 274; Tomlinson v. Ellison, 104 Mo. 105; Harper v. Morse, 114 Mo. 317; Berkson v. Railroad, 144 Mo. 211; State ex rel. v. Chick, 146 Mo. 645; Hargan v. Brady, 155 Mo. 668; Mirrieless v. Railroad, 163 Mo. 470; Novelty Mfg. Co. v. Pratt, 21 Mo. App. 171; Scott v. City of Nevada, 56 Mo. App. 169; Silvey & Jennings v. Dunham, 60 Mo. App. 635.

REYNOLDS, P. J.—Plaintiff, respondent here, instituted her action before a justice of the peace, claiming that she was the widow of Federick J. Frey and the beneficiary in a policy issued by defendant on the life of her husband, who died April 19, 1911, the policy issued May 20, 1908, and being written for $250, payable on the death of the insured, provided he kept up the payments of twenty cents a week during his life. Averring that her husband had performed all conditions of the policy to be performed, and that soon after his death plaintiff notified defendant thereof and made and furnished defendant with due proofs of his death, she avers that defendant had made a payment of $50 on account of the policy but vexatiously refuses to pay the balance, $200. Plaintiff accordingly demands judgment for $200, with interest and ten per cent damages and $200 for attorney's fee.

On appeal from the justice of the peace to the circuit court, on a trial before the court and a jury,

defendant interposing no written pleadings, plaintiff was awarded a verdict for $260.59, that is to say $200 on the policy, $11.50 interest, $50 attorney's fee, and ninety-one cents "unpaid premiums and interest thereon," no amount being awarded for damages prayed. Judgment following, defendant duly perfected its appeal to our court.

Without going into a full recital of the evidence, it is sufficient to say of it that it presented a very sharp conflict as to the question of the payment of the installments or weekly premiums due upon the policy, plaintiff claiming that they had been paid, defendant denying it. This controversy appears to have arisen directly after the death of the insured, even before then, and the plaintiff and defendant exchanged letters over it, plaintiff claiming the whole amount of the policy, $250, as due, defendant denying that it owed anything, claiming that the policy had lapsed. At the time of the death of her husband plaintiff was residing at Bloomington, Illinois. After this correspondence and apparently as a result of it, plaintiff came to St. Louis, staying at the home of her mother. On arriving here she appears to have taken up the matter of the payment of the policy with the representatives of defendant, the result being that plaintiff went to the office of a representative of defendant in St. Louis, accompanied by her mother, and after some discussion between the parties, a settlement was arrived at between them and a paper drawn up by plaintiff reciting that a dispute had arisen as to the validity of the policy issued by defendant for the sum of $250 on the life of plaintiff's husband, now deceased, "and it is deemed best that the matter be finally settled and compromised; now, therefore, I, Leona M. Frey, hereby acknowledge to have received from said company $50 in full settlement and satisfaction, and hereby release and forever discharge said company from all claims and demand whatever on account of or arising out of

premiums paid thereon, and I hereby covenant that I am the sole owner and holder of said policy and entitled to have and receive all moneys payable thereunder, and that I will save said company harmless from all cost, demand and damage by reason thereof.'' This was signed by plaintiff, witnessed by her mother and acknowledged by plaintiff before a notary public, and the $50 paid her in cash.

There is not a particle of testimony in the case tending to show any fraud, imposition or suppression of fact of any kind, practiced by the agents of defendant upon plaintiff in procuring her signature to this release. The agent who paid the money to plaintiff testified that the company paid plaintiff this $50 as repayment of premiums paid and for her expenses in coming to St. Louis to settle the matter up, and that they did not in any way acknowledge liability on the contract, or pay this as due under the policy. Plaintiff's own testimony as to this is not very full or satisfactory except that she testifies there was nothing said about paying her expenses. Her statement filed with the justice, and on which the case was tried in the circuit court, distinctly avers that this $50 was paid on account of this policy and she gives credit for it, as the jury did in its verdict, as $50 paid on account of the policy. However that may be, it is very clear, on consideration of all the evidence in the case that this $50 was paid by defendant and received by plaintiff just exactly as stated in the release which she signed in full settlement of her demands against the company under this policy. When parties make a compromise settlement of an existing controversy, absent fraud or misrepresentation of fact, they are bound by them. All courts favor compromises of disputes. As before remarked, there is not a particle of evidence of any fraud or deceit practiced upon plaintiff by defendant. There was a live controversy between them as to whether the policy was in force and as to whether

defendant was liable for anything under it. That dispute was compromised. In its facts, this case is entirely unlike Dodt v. Prudential Ins. Co., 186 Mo. App. 168, 171 S. W. 655. It falls more within the principle announced by our court in Boehm v. American Patriots, 172 Mo. App. 104, 154 S. W. 448. In the case at bar as in that case plaintiff undertakes to give credit for this $50 on the amount due under the policy, as if the policy was in force. She neither paid nor tendered it back but attempts to apply it to a purpose which, according to her own testimony and that introduced by defendant, is entirely inconsistent with the idea of its being a part payment on the policy. No evidence tends to show that it was intended as a part payment. It was intended clearly and distinctly as a payment in full in compromise of a disputed claim. The demurrer interposed by defendant at the close of the case should have been sustained.

In this view of the case it is unnecessary to consider other propositions advanced.

The judgment of the circuit court is reversed. *Nortoni* and *Allen, JJ.*, concur.