NICEY PAINTER, APPELLANT, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESPONDENT.—71 S. W. (2d) 483.

Kansas City Court of Appeals. April 30, 1934.

*G. W. Duvall* and *W. W. Filkin* for appellant.

*Roy P. Swanson* and *Ralph M. Jones* for respondent.

*Meservey, Michaels, Blackmar, Newkirk & Eager* of counsel.

REYNOLDS, C.—This is a suit by the plaintiff to recover a balance of five hundred dollars alleged to be due her as beneficiary under an insurance policy issued by defendant on the nineteenth day of August, 1929, upon the life of her daughter, Emma Painter, for one

thousand dollars. Emma Painter died November 8, 1929. On the seventh day of March, 1930, it appears that plaintiff accepted of defendant the sum of five hundred dollars in full payment and settlement of all liability of defendant to her as beneficiary under said policy and executed to defendant a written release by which she acknowledged the receipt of said sum of five hundred dollars and forever released defendant from any and all liability on account of any claim she might have against it under said policy. It was contended by plaintiff that said release was fraudulently obtained from her by defendant; that the same was without consideration and was of no effect; that the payment to her of said sum of five hundred dollars, mentioned therein, amounted to a mere credit upon the sum of one thousand dollars, the amount due her under said policy; and that the balance of said one thousand dollars, in the sum of five hundred dollars, was yet due her from the defendant.

The petition alleged the corporate existence of defendant, the issuance of the policy, the death of the insured while the same was in force, the plaintiff to be the named beneficiary therein, the compliance by insured with all the provisions thereof and by the plaintiff with all the requirements upon her part, and the payment of the sum of five hundred dollars as part payment of the amount due under said policy. It further alleged vexatious refusal and delay in the payment thereof upon defendant's part and, on account of such refusal and delay, plaintiff's right to damages in the sum of fifty dollars and to a reasonable attorney's fee in the sum of one hundred dollars.

The judgment sought was for the balance due on the policy in the sum of five hundred dollars, for damages in the sum of fifty dollars, for attorney's fee in the sum of one hundred dollars—making a total of six hundred and fifty dollars—and for interest at six per cent from November 8, 1929.

The defendant, in its amended answer, admitted its corporate capacity as a mutual life insurance company and the issuance of the policy in suit and set up the provision therein that it should not take effect if, on the date thereof, the insured was not in sound health and set up further that, on said date, the insured was not in sound health but was afflicted with heart disease, ulcers, and dyspepsia from which she later died, particularly the heart disease. It further alleged that the policy was issued upon the written application of the insured, in which she stated that the condition of her health was, at the date of the application, good; that no physical defect or infirmity existed; that she had never suffered from heart disease, ulcers, or dyspepsia; and that such application was being made to induce the issuance of the policy by defendant. It alleged that the defendant believed and relied upon such statements in issuing the policy; that said statements were false and untrue and were known by the applicant so to be and the same were made for the purpose and with the intent of mislead-

ing defendant and inducing it to issue the policy; that defendant was misled by them into issuing said policy; that said policy was thus obtained by fraud and never became a binding contract and is of no effect but is void; and that the matters so misrepresented by insured in her application were material and contributed to the death of the insured.

The amended answer further set up that, after the death of the insured, a dispute arose between it and the plaintiff, the beneficiary, as to the liability of defendant to her under said policy beyond the amount of the premiums that had been paid thereon, the defendant denying liability for any other sum and the plaintiff contending for the full amount of the policy; that it tendered the amount of premiums paid to plaintiff who refused to accept the same; that, as a result of said controversy and in order to void the cost and expense of litigation, it was agreed between plaintiff and defendant that compromise should be effected and that defendant should pay her the sum of five hundred dollars which should be accepted by her in full settlement of her claim under said policy and in discharge thereof and that defendant should be forever released and discharged of all claims on account of said policy; that defendant did thereupon pay to plaintiff the said sum of five hundred dollars on the conditions stated and plaintiff thereupon executed and delivered to defendant a written release from liability under said policy for any and all claims, reciting and acknowledging in said release that same was in consideration of said settlement and discharge; and that, as such, it was a complete bar to plaintiff's cause of action as stated in the petition.

Plaintiff made reply in which, it may be said, she admitted that the insured made written application for the policy and that she made the statements therein—that the condition of her health, at the time of such application, was good; that no physical defect or infirmity existed; that she had never suffered from heart disease, ulcers, or dyspepsia; and that said statements were made to induce the issuance of the policy—and admitted that said policy was issued thereon and that it was provided therein that it should not take effect if, on the date thereof, the insured was not in sound health. It was denied in said reply that the answers made by insured in her application were false and untrue and that insured knew they were; but, upon the other hand, it was alleged that such statements were true and believed by the insured to be true and were not made for the purpose of misleading defendant and that the issuance of said policy was not obtained by fraud and that defendant was never misled by insured's said statements. It was further denied therein that the matters alleged by defendant to have been misrepresented were material or contributed to insured's death.

Said reply further set up that a copy of insured's application did

not appear endorsed upon or attached to the policy and that by the terms of said policy it was provided "This policy contains and constitutes the entire contract between the parties hereto and all statements made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement shall avoid the policy or be used as a defense to a claim thereunder unless it be contained in the application for the policy and unless a copy of such application be endorsed upon or attached to the policy when issued" as a bar to any defense pleaded in the amended answer based upon misrepresentations by the insured, if any such misrepresentations were made or found to have been made. It further denied that there was any genuine dispute between plaintiff and defendant upon or after the death of the insured respecting defendant's liability under said policy for any sum in excess of the premiums paid; denied and attacked the compromise, settlement, and release, alleged in the amended answer, as having been procured without consideration and through fraud and misrepresentation upon the part of defendant's agents to her respecting her legal rights under said policy; and averred said alleged settlement and release thereon to be invalid and of no effect. All other allegations of the amended answer were generally denied.

Upon the trial, the plaintiff introduced in evidence the policy sued upon, also the application of the insured, together with the certificate of the agent of the defendant who took the application annexed to such application showing insured's apparent condition of good health at the date of the application. She also made proof of the death of the insured and of the payment of all premiums due upon said policy to the death of insured and made proof of notice and delivery of proofs of death to defendant. Plaintiff also introduced evidence tending to show the good health of the insured at the time the policy was issued and down until about two weeks prior to her death. In her testimony, she admitted the execution of the release to defendant set up in the amended answer and the acceptance by her from defendant of the sum of five hundred dollars in full settlement of the policy but denied that there was ever any controversy or difference between her and defendant as to the amount due her under said policy, other than a mere refusal by defendant to pay the same. She denied that there was any consideration for the alleged settlement and release. She admitted that, when she accepted the five hundred dollars and released defendant, she understood that such sum was all that she was to get. She accepted said sum because defendant's agent told her that was the best they could do and that they would not pay any more because of insured's death, and she felt that the funeral expenses had to be paid. She testified that she was not forced to sign the release. At the close of plaintiff's case, defendant interposed

a demurrer and a request for a finding in its favor. Both the demurrer and the request for the finding were overruled.

Thereupon, the defendant introduced in evidence the statement of the attending physician tending to show the cauge of death to have been acute myocarditis and, as contributing thereto, cholera morbus and other evidence tending to show insured, at the date of the issuance of the policy, was afflicted with heart disease and tending to show a bona fide dispute between itself and the plaintiff with respect to any liability of defendant under the policy other than for the return of the premiums paid and tending also to show a lack of vexatious refusal to pay, the payment to plaintiff of the sum of five hundred dollars in compromise of said dispute and in full settlement of all claims under the policy, and the release of defendant from any further liability. Defendant introduced also a written release duly executed by plaintiff to such effect and the check for five hundred dollars bearing plaintiff's endorsement and her statement thereon that it was in full settlement of all claims under said policy.

The defendant appears, upon the conclusion of the trial, to have rested its defense upon the settlement and written release set up in the amended answer, upon a lack of evidence to show vexatious refusal to pay, and upon the fact of no liability other than for the return of the premiums paid by reason of the provision in the policy that it should not take effect unless insured, at the date of the policy, was in good health and by reason of the fact that, upon such date, the insured was afflicted with heart disease and afterward died therefrom.

The trial was before the court without a jury; and, at the close of the entire evidence, the parties each requested written findings of fact and presented them to the court for approval and adoption by it and likewise requested separate declarations of law for approval by the court as its conclusions of law upon the facts so requested by them to be found. The findings requested by the plaintiff, as also her declarations of law, were refused by the court. Those requested by the defendant were modified and amended by the court and, as modified and amended, were given, as were also the declarations of law requested by it, as and for the court's conclusions of law upon the facts as found.

The cause being submitted to the court, judgment therein was rendered for the defendant on the eighteenth day of November, 1932, at the regular November term, 1932.

The plaintiff, after an unsuccessful motion for a new trial, prosecutes this appeal.

### OPINION.

1—The plaintiff makes numerous assignments of error, among which is that there is no substantial evidence to support the judgment.

The facts found by the court, upon which such judgment rests, are

that defendant issued the policy in the sum of one thousand dollars on August 19, 1929; that such policy contained a preliminary provision that, if, on the date thereof, the insured be not in sound health, it should not take effect and that, in such event, the premiums paid thereon should be returned; that the insured died on November 8, 1929, and that the immediate cause of her death was acute myocarditis and the contributing cause was cholera morbus; that the defendant was in possession of sufficient evidence of ill health from heart disease of the insured on August 19, 1929, to justify its disputing plaintiff's claim under the policy and that defendant's refusal to pay the face of the policy was in good faith; that defendant tendered to the plaintiff the sum of seven dollars and fourteen cents, being the amount of all premiums paid on said policy; that defendant offered plaintiff the sum of five hundred dollars on condition that it should constitute full satisfaction of all claims under said policy; that plaintiff accepted said offer under that condition and released the defendant of all liability under said policy; that there was no fraud or misrepresentation by the defendant in the transaction by which plaintiff was paid five hundred dollars and the defendant released from all claims under said policy; that there was no vexatious refusal to pay on the part of the defendant. These facts were sufficient to establish the defense alleged in the amended answer to the effect that the claims, under the policy sued upon, had been compromised and settled by the payment of five hundred dollars by defendant to plaintiff in full release and discharge of defendant from all liability of defendant under said policy and that the release so pleaded in said amended answer was a complete bar to plaintiff's suit and that defendant's action in refusing to pay plaintiff's claim in this suit and in defending against it was not a vexatious refusal.

2—With said defense established, plaintiff's right of recovery was completely cut out. There was no other course to pursue than to render judgment for defendant, regardless of other facts in the record or other claims advanced. [Frey v. John Hancock Mutual Life Ins. Co., 189 Mo. App. 696, 175 S. W. 211; Zinke v. Knights of Maccabees of the World, 275 Mo. 660, 205 S. W. 1; Scott v. Parkview Realty & Imp. Co., 241 Mo. 112, 145 S. W. 48.]

Under such circumstances existing, according to the facts as found by the court, authorities such as Harms v. Fidelity & Casualty Co. of New York, 172 Mo. App. 241, 137 S. W. 1046, cited by plaintiff in her brief, have no application to the point here considered.

This was the undoubted theory of the trial court, as further shown by its declarations of law 1, 5, and 6, which together declared that the plaintiff had failed to show any ground for the assessment of statutory penalties and attorney's fees for vexatious refusal to pay and that the general release executed by plaintiff was valid and binding and constituted a complete bar to the action and that, under the

law and the evidence, the plaintiff could not recover but that defendant was entitled to judgment. The court applied the proper theory upon the facts found.

3—It is evidence, therefore, that, unless the court's finding of facts is to be impeached in some manner, the judgment rendered must stand. This, the plaintiff undertakes to do and urges that the same is incomplete and is not such as is contemplated by the statute, Section 952, Revised Statutes 1929. It is true that it is contemplated by such section that a finding of facts in any particular case should embrace all the material facts in controversy bearing upon the issues involved set out in detail and that the court should also state separately its conclusions of law upon said facts when requested, in order that proper exceptions might be made thereto. [Cochran v. Thomas, 131 Mo. 258, 1. c. 268, 33 S. W. 6.]

Upon the record in this case, there appears to have been a sufficient compliance with this rule. The judgment herein is made to rest upon the distinct and separate defenses set out in the amended answer of denial of vexatious refusal to pay upon defendant's part and upon the validity of the release pleaded—the validity of which depended upon the existence of a bona fide dispute concerning defendant's liability under the policy growing out of the insured's condition of health with respect to her affliction with heart disease on the date of the delivery of the policy and her death afterward therefrom—and upon whether such release was obtained without consideration or by fraud and misrepresentation. Such defense of a valid release, if established, dominated the final disposition of the cause of action asserted by the plaintiff in her petition and the final judgment to be rendered thereon.

4—There was a complete finding of all the facts in controversy involved in the separate defenses set up in the amended answer, upon which the judgment rendered was based, sufficient in all respects to sustain the judgment. This was all that was required. [Brinson-Judd Grain Co. v. Becker, 76 Mo. App. 375.] It was not necessary to the special defenses upon which the case was ruled that the court should find that, at the date of the delivery of the policy, the insured was, in fact, of unsound health and was or had been afflicted with heart disease. Plaintiff's contention in this respect must, therefore, be denied.

5—The defense of misrepresentation by the insured in her application and the estoppel alleged against it and the facts in the record bearing thereon are not in controversy in the defenses above noted, upon which the case was disposed of, and did not enter into consideration in such defenses in the final disposition of the case. The defenses with respect to the bona fide dispute, vexatious refusal to pay, and the written release, where found in favor of the defendant, disposed of the entire case. Whatever grounds of complaint plaintiff may have

had for recovery against the defendant upon the cause of action stated in the petition were foreclosed by said release so long as it was held to be valid and not to have been obtained without consideration or by fraud. That a bona fide dispute between parties as to the amount due from one to the other is a sufficient consideration for the compromise of the full sum claimed by the payment of a less sum and for the discharge of the indebtedness in full where there is no fraud practiced has been many times held. [Zinke v. Knights of Maccabees of the World, supra.] A refusal to pay is justified in the presence of a defense successfully established, and the party asserting such refusal is not subject to a penalty for asserting a right to which he is entitled. The only facts necessary to be found were those in controversy and material to the defenses submitted and upon which the cause was finally ruled. Likewise, the only declarations of law necessary were those relating to the defenses upon which such facts as found were based. It was not necessary to make a finding of facts as to the issues which had become moot and could not have affected the final judgment in the case or to give declarations of law thereon.

6—The plaintiff appears to have saved her exceptions both to the action of the court in refusing to make the findings of fact as requested by her and in refusing the declarations of law asked by her and to its action in making the findings of fact upon the request of the defendant, as modified and amended, and in giving declarations of law as requested by the defendant and, upon this appeal, complains of the action of the court below in such regard. No specific exceptions, however, were made in the court below at the time of the actions complained of; nor were specific grounds for the assignments of error made in the motion for new trial. All exceptions and assignments were general. Of course, upon the facts as found by the court, the giving of plaintiff's declarations of law as asked by her would have been erroneous; and, therefore, unless such findings were successfully impeached, plaintiff has no complaint here for the refusal of such by the court. Such declarations were inconsistent with the facts as found. Her further complaint on this score eventually amounts to a complaint against the action of the court in finding the facts contrary to her requested findings and resolves itself into the question whether there was substantial evidence in the record upon which to base the findings made by it, upon which the judgment herein rests. The mere fact that there may have been evidence in the record sufficient to have justified the findings as requested by plaintiff is immaterial so long as there was substantial evidence to support the findings made. The court was the trier of the facts. That there was substantial evidence to support such findings is amply disclosed from an examination of the record.

7—Besides, any contention that there is no substantial evidence to support the findings is not now open to the plaintiff. She requested

a finding of facts upon which the prevailing defenses rest; and, by asking such, she is concluded from now asserting that there was no evidence upon which the findings made by the court might rest. In the absence of a conflict of evidence in the record, there was no occasion for a finding of facts. She tried the case below upon the theory that there was a conflict in the evidence sufficient to call for a settlement of such conflict by the court, and she is bound by such theory in this court. [Cantley v. American Surety Co. of N. Y., 38 S. W. (2d) 739, 225 Mo. App. 1146.] In the case cited, Judge BLAND said, ''We think that, under the circumstances, plaintiffs are not in a position, now, to contend there was no substantial evidence to sustain the finding of the court. By requesting a finding of facts, under the statute, plaintiffs conceded that the case was a proper one for that procedure, in other words, that the facts were in dispute and called for the making of a finding of facts by the court. Plaintiffs are bound in this court on the same theory that they pursued in the lower court.'' Having so found the facts, the declarations of law given thereon by the court at defendant's request were appropriate, fully authorized, and unobjectionable. It follows, therefore, that there is no merit in plaintiff's complaint under this head.

8—We have duly considered all of the objections in the case urged by the plaintiff in her brief relating in any manner to the finding of facts and the judgment rendered thereon and find none by which said finding or judgment may be impeached or by which the court's action in refusing to make findings as to other facts requested may be made the subject of criticism. Plaintiff's contention that there is no substantial evidence in the record to support the judgment is denied. The conclusion thus reached disposes of the case as it is unnecessary to consider any other assignments of error embraced by plaintiff in her brief. Whatever determination might be made of any of the same would not affect the result above announced. There being ample evidence in the record to support the judgment and no prejudicial error upon the trial below, the judgment is accordingly affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.