## WEISS v. DURO CHROME CORP.
### No. 14650.

United States Court of Appeals,
Eighth Circuit.

Oct. 14, 1953.

---

**3.** Smith v. Welch, 10 Cir., 189 F.2d 832, 836; Kirstner v. Atlantic Greyhound Corp., 4 Cir., 190 F.2d 422, 423.

Thomas Rowe Schwarz and John S. Leahy, St. Louis, Mo. (T. R. Zettelmeyer, Willoughby, on the brief), for appellant.

Sylvan Agatstein, St. Louis, Mo. (Shifrin, Shifrin & Agatstein, St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant to recover compensation in the form of commissions alleged to be due him under a written contract between appellee and appellant. The parties will be referred to as they appeared in the trial court. In April, 1947, plaintiff and defendant entered into a written contract by the terms of which defendant employed plaintiff to solicit orders for the defendant's products in the territory therein described upon a commission basis under a schedule therein contained. The contract contained the following provision:

"We (defendant) reserve the right to change commissions, discounts, or prices at any time we may deem necessary without giving prior notice—regardless of existing catalogue, bulletin or circular prices (either net or list) as shown in any printed or typewritten literature which may be in your possession or in the hands of the trade." The contract also contained a provision that it might be terminated by either party on 30 days notice in writing. Plaintiff's commissions as provided by the written contract were 10%. On January 28, 1948, claiming to act pursuant to the above quoted provision of the contract, defendant gave written notice to plaintiff of a reduction in his commissions from 10% to 8%, and on December 3, 1948, by written notice defendant advised plaintiff of a further reduction in his commissions to 7½%. During all the times here involved defendant sent to plaintiff monthly statements showing a complete record of the business written the previous month and the percentage upon which the commissions were based, and enclosed a check for commissions as shown. These checks were cashed by the plaintiff and so far as appears from the record without protest for more than one year, the plaintiff stating in his testimony that he thought the difference between the commissions stated in the contract and the reduced rate was being accumulated until the defendant was operating at a profit. In the present action plaintiff seeks to recover the difference between the amount of commissions calculated at 10% as originally provided in the contract and the amount which he received under the reductions made by defendant.

At the close of all the testimony, on the suggestion of the court, the jury was discharged and the case was submitted to the court. The court, expressing the view that as the plaintiff had sued on the contract and the contract had been fully performed he was bound by its terms and as he had accepted payment of commissions as reduced by the written notices was estopped to question the provision in the contract purporting to authorize such reduction, found all the issues in favor of defendant and dismissed plaintiff's action on its merits.

On appeal plaintiff contends: (1) That the defendant's option to change commissions referred to commissions other than those provided for plaintiff, (2) That if the option to make such reduction did apply to his commissions that provision would render the contract unilateral and (3) The court erred in not permitting plaintiff to recover upon the theory of quantum meruit.

Plaintiff contends that properly construed the provision of the contract authorizing defendant to reduce commis-

sions referred to commissions other than those due him. The short answer to this contention would seem to be that no other commissions are mentioned in the contract nor is there any evidence in the record showing that any commissions to sub-agents as contended by plaintiff were to be paid. We think the court properly held that the contract provision authorizing reduction of commissions applied to the commissions due plaintiff.

■ The contention made by plaintiff that to construe the provision of the contract as permitting the defendant at will to change the compensation to be paid plaintiff would render the contract void for want of mutuality is without merit. The contract here involved has been fully performed and it is too late now to attempt to plead want of mutuality. Phillips Petroleum Co. v. Rau Const. Co., 8 Cir., 130 F.2d 499; Pulitzer Pub. Co. v. Chitwood, Mo.App., 9 S.W.2d 251. In these circumstances we need not concern ourselves with the question as to whether or not the contract in its inception insofar as it gave defendant the right to reduce the commissions payable to plaintiff was lacking in mutuality and we express no opinion on that question.

■ The contract as has been observed contained provision for its cancellation by either party. Hence, when plaintiff was advised of the action of defendant in reducing his commissions he might have terminated the contract. This he did not do but continued to perform, thus in effect consenting to the modification. Swalley v. Addressograph Multigraph Corp., 7 Cir., 158 F.2d 51; L. G. Balfour Co. v. Brown, Tex.Civ.App., 110 S.W.2d 104. In the course of performance of the contract subsequent to the action of defendant in reducing plaintiff's commissions, plaintiff received compensation evidenced by checks based upon the reduced schedule of commissions. These checks were received and cashed by him. In these circumstances he cannot now be heard to contend that they were not accepted by him in full payment. The statements specifically indicated the amount due plaintiff and the checks re-

ceived and accepted by him represent that amount. It is contended by plaintiff, however, that the acceptance and cashing of the checks by him did not estop him from seeking to recover what he now claims to be due him because the amount due was a liquidated amount. The trouble with this contention is that the amount claimed to be due was not liquidated. There was a denial by the defendant that any amount in excess of the amounts shown by the statements and checks submitted was due him. If there was any reasonable contention between the parties as to the correct amount due plaintiff the submission of these statements with the checks amounted to an accord and when accepted by the defendant the transaction constituted an accord and satisfaction. Phillips Petroleum Co. v. Rau Const. Co., supra; McGregor v. J. A. Ware Const. Co., 188 Mo. 611, 87 S.W. 981; Zinke v. Knights of the Maccabees, 275 Mo. 660, 205 S.W. 1; Whitmire v. Lawrence, etc., Mo.App., 286 S.W. 842; Ellis v. Mansfield, 215 Mo.App. 292, 256 S.W. 165.

■■ It remains to consider the contention of plaintiff that the court should have permitted him to recover on the theory of quantum meruit. Plaintiff did not seek recovery on that theory. He pleaded the contract, submitted his evidence in support of that theory and submitted no evidence that would support a recovery on quantum meruit and plaintiff must present his case on appeal on the same theory that it was presented to the trial court. The trial court having had no opportunity of passing upon the question now for the first time presented cannot be charged with error in failing to do that which it was not requested to do. Kirk v. St. Joseph Stock Yards Co., 8 Cir., 206 F.2d 283; Barnsdall Refining Corp. v. Cushman-Wilson Oil Co., 8 Cir., 97 F.2d 481; Petersen v. Chicago, Great Western Ry. Co., 8 Cir., 138 F.2d 304; Valley Shoe Corp. v. Stout, 8 Cir., 98 F.2d 514; Gulf, Mobile & Ohio R. Co. v. Williamson, 8 Cir., 191 F.2d 887.

Finding no error in the record the judgment appealed from will be affirmed.