John S. DIERCKS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 38194.

Missouri Court of Appeals, Western District.

Feb. 24, 1987.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, John M. Morris, Jefferson City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Defendant was convicted upon a jury trial of cultivating marijuana. He received a sentence of 15 years' imprisonment as a prior offender, § 195.200.1(3), RSMo Supp. 1984. The judgment was affirmed on appeal, *State v. Diercks*, 674 S.W.2d 72 (Mo. App.1984).

Diercks now has filed a Rule 27.26 motion seeking vacation of the judgment of conviction. The motion was ruled against him after an evidentiary hearing, and from the denial of the motion he has appealed.

## I

■ Appellant's first point relates to plea bargain negotiations before he elected to plead not guilty and to proceed to trial. He alleges in his Rule 27.26 motion that the trial judge improperly entered into the plea negotiations. We will take as true the defendant's testimony that the judge stated, in a pretrial conversation with defendant, his attorney and the prosecuting attorney, that he would give Diercks five years' probation upon a guilty plea. But Diercks did not plead guilty. He elected to go to trial upon a not guilty plea. Any participation by the judge in the plea negotiations had nothing to do with the guilty verdict after a jury trial.

If Diercks had pleaded guilty and was now seeking relief from the conviction upon the guilty plea, as was the case in the cases he cites for his position, *McCartney v. State*, 657 S.W.2d 289 (Mo.App.1983); *Toler v. State*, 542 S.W.2d 80 (Mo.App. 1976); *State v. Tyler*, 440 S.W.2d 470 (Mo. banc 1969), then the judge's participation in the plea negotiations would require a close look to determine if the guilty plea was thereby undermined.

Since the judge's participation in the guilty plea negotiations was irrelevant, it is not necessary for the trial court on the Rule 27.26 motion to have made a finding whether he did improperly participate or not. *Thomas v. State*, 512 S.W.2d 116, 121 (Mo. banc 1974); *Bradley v. State*, 564 S.W.2d 940, 943 (Mo.App.1978). *See generally Thummel v. King*, 570 S.W.2d 679, 688 (Mo. banc 1978); *Painter v. Prudential Insurance Co.*, 228 Mo.App. 576, 71 S.W.2d 483, 488 (1934). Whether he found the fact in the affirmative or in the negative would have had no effect on the result.

## II

Next, defendant claims ineffective assistance of counsel in three particulars.

First, defendant says that counsel was ineffective because he had told defendant and his girl friend, LuAnn, before trial and before he elected to reject the guilty plea bargain, that if the girl friend admitted and testified that it was she and not defendant who had cultivated the marijuana which defendant was charged with cultivating, defendant could not and would not be convicted. The attorney, asked on the 27.26 hearing if he "recollect(ed) ever indicating to either John or LuAnn that there was no way that John could be convicted if LuAnn took the stand and admitted her guilt?", answered in the negative. From his direct and positive testimony that he had discussed with defendant and his girl friend the risks attending a trial, it is inferable that he would, in response to a direct question, have denied having given them such advice.

Defendant testified, second, that counsel did not advise him to accept the plea bargain and enter a guilty plea, and that this constituted ineffectiveness on counsel's part. Defendant's attorney testified that, after securing the judge's commitment to the five years' probation upon a guilty plea, he presented the proposition to defendant and his girl friend, and that he recommended it to them. Defendant after considering it declined to accept because he was doubtful he could go five years without drug involvement. It would have been a condition of probation that defendant not be involved with drugs.

Defendant says, third, his attorney provided ineffective counsel in that he did not advise defendant that he was not required to testify, and did not advise him that prior

convictions could not be shown to the jury unless he did testify. Trial counsel's testimony contradicts this. He testified that the advisability of defendant's taking the stand was discussed with defendant, and that the factor of the prior convictions was weighed.

 On questions of credibility, we defer to the trial judge. Rule 27.26(f). *Dove v. State*, 553 S.W.2d 554, 556 (Mo.App.1977); *Pickens v. State*, 549 S.W.2d 910, 913 (Mo. App.1977). Defendant had the burden of proof, *Van Moore v. State*, 667 S.W.2d 470, 471 (Mo.App.1984); *Weems v. State*, 590 S.W.2d 693, 694–95 (Mo.App.1979) (en banc), and the trial judge could disbelieve his testimony as to what his attorney advised or failed to advise, even if his testimony stood wholly uncontradicted. *Williams v. State*, 605 S.W.2d 222, 224 (Mo.App.1980); *Jones v. State*, 598 S.W.2d 595, 597 (Mo.App.1980). In this case, the attorney did testify forthrightly, positively and in satisfying detail in contradiction of defendant's claims. We could not convict the trial court of error in ruling against the defendant the foregoing instances of alleged counsel ineffectiveness. Taking counsel's testimony as true, there is no question but that counsel's representation fully measured up to an "objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 693 (1984).

Judgment affirmed.

All concur.